■ STEPHEN LUONGO et al., Respondents, et al., Plaintiff, v CITY OF NEW YORK, Appellant. [659 NYS2d 100] —In an action to recover damages for personal injuries, etc., the defendant City of New York appeals from a judgment of the Supreme Court, Kings County (Feinberg, J.), entered February 16, 1995, which, upon a jury verdict in favor of the plaintiffs, and the denial of its motion made at the end of trial to set aside the verdict and to dismiss the complaint, is in favor of the plaintiff Stephen Luongo and against it in the principal sum of $3,250,000, and in favor of the plaintiff Frank Piro and against it in the principal sum of $3,000,000.

Ordered that the judgment is reversed, on the law, with costs, the City's motion to set aside the verdict and dismiss the complaint is granted, and the complaint is dismissed.

The plaintiff police officers were injured when an arrestee whom they were transporting shot them with a concealed weapon. They brought this action pursuant to General Municipal Law § 205-e, alleging that their fellow officers who had subdued, disarmed, and handcuffed the arrestee after a struggle, violated provisions of the New York City Police Department Patrol Guide Procedure 110-2 relating to the field searching and frisking of arrestees.

Patrol Guide Procedure 110-2 relied upon by the plaintiffs neither imposes clear legal duties nor constitutes a well-developed body of law and regulations with positive commands mandating the performance or nonperformance of specific acts (*see, Desmond v City of New York*, 88 NY2d 455, 464). Accordingly, the plaintiffs' allegations that those directives were

violated cannot serve as the basis for a cause of action under General Municipal Law § 205-e. Sullivan, J. P., Pizzuto, Santucci and Joy, JJ., concur.