■ PAUL E. MALENCZAK et al., Appellants, v CITY OF NEW YORK, Respondent, et al., Defendants. [697 NYS2d 138] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bellard, J.), dated June 17, 1998, as (1) granted that branch of the motion of the defendant City of New York which was for summary judgment dismissing so much of the plaintiffs' first cause of action asserted against it as alleges that it was negligent in failing to warn the plaintiff Paul E. Malenczak of a dangerous condition, and (2) denied that branch of their cross motion which was for leave to amend the complaint to add a cause of action pursuant to General Municipal Law § 205-a.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff firefighter was injured when he was exposed to a toxic substance while investigating a smoke condition caused by a smoke grenade. He and his wife subsequently commenced this action against, *inter alia,* the City of New York (hereinafter the City). The Supreme Court properly granted that branch of the City's motion which was for summary judgment dismissing so much of the plaintiffs' first cause of action as alleges that the City was negligent in failing to warn the injured plaintiff of a dangerous condition. The plaintiff firefighter was injured while acting in furtherance of a firefighting function which exposed him to a heightened risk of sustaining his particular injuries. Therefore, the court properly dismissed that portion of the first cause of action as barred by the "firefighter rule" (*see, Zanghi v Niagara Frontier Transp. Commn.,* 85 NY2d 423, 439-440; *Cooper v City of New York,* 81 NY2d 584, 590; *June v Laris,* 205 AD2d 166, 169).

The court also properly denied that branch of the plaintiffs' cross motion which sought leave to amend their complaint to add a cause of action pursuant to General Municipal Law § 205-a. Those portions of a New York City Police Department Patrol Guide Procedure which allegedly were violated are not part of a well-developed body of law and do not impose clear legal duties mandating the performance of certain acts (*see, Gonzalez v Iocovello,* 93 NY2d 539; *Desmond v City of New York,* 88 NY2d 455, 464; *Lawrence v City of New York,* 240 AD2d 711; *Luongo v City of New York,* 240 AD2d 712). Rather than containing particularized mandates, they simply offer guidance for the exercise of professional judgment (*see, Desmond v City of New York, supra,* at 464). Consequently, they cannot serve as a basis for a cause of action under General Municipal Law § 205-a. O'Brien, J. P., Sullivan, Altman and Krausman, JJ., concur.