■ In the Matter of SCHENECTADY POLICE BENEVOLENT ASSOCIATION, Appellant, v CITY OF SCHENECTADY, Respondent. [750 NYS2d 666] —Kane, J. Appeal from a judgment of the Supreme Court (Caruso, J.), entered May 29, 2001 in Schenectady County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying defense and indemnification to a police officer.

While off duty on December 27, 1998, Ronald Pedersen, a police officer for respondent, was involved in an incident with Rebecca Di Sorbo and Jessica Di Sorbo at the Union Inn in the City of Schenectady, Schenectady County. In an underlying federal civil rights action commenced against Pedersen, two other police officers and respondent, the Di Sorbos claimed before the United States District Court for the Northern District of New York that, inter alia, they were falsely arrested after Rebecca Di Sorbo rejected Pedersen's romantic overtures. Pursuant to the collective bargaining agreement between the parties, Pedersen requested that respondent's Corporation Counsel defend and indemnify him in the federal action, but the Corporation Counsel refused based on the determination that Pedersen was "acting outside the scope and course of [his] police duties" and in "derogation of established procedure" at the time and place of the incident.

Petitioner, the duly recognized bargaining unit for all police officers employed by respondent, commenced this CPLR article 78 proceeding seeking a judgment annulling respondent's determination and directing that respondent defend and indemnify him pursuant to General Municipal Law § 50-j. Supreme Court dismissed the petition, holding that respondent's determination to deny the request to defend and indemnify was not arbitrary or capricious.

Initially, we reject petitioner's characterization of the instant appeal as having been rendered moot by the District Court's September 2001 ruling that Pedersen was acting within the scope of his employment, as an appeal will not be considered moot if "the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714). Here, it appears that the District Court's finding that Pedersen was acting within the scope of his employment was in the context of, and limited to, assessing liability on a respondeat superior theory. In reaching its determination, the District Court did not address respondent's statutory duty to indemnify under General Municipal Law § 50-j. Since the District Court's finding was limited to respondent's own liability on a respondeat superior theory (*see Schultz v United States Fid. & Guar. Co.*, 201 NY 230, 233-234), it is not determinative as to whether respondent owes a statutory duty to indemnify Pedersen for punitive damages, compensatory damages and defense costs (*see* General Municipal Law § 50-j).

Equally without merit is petitioner's argument that respondent's decision to deny Pedersen a defense and indemnification on the ground that he was acting outside the scope of his employment was arbitrary and capricious and without a rational basis in the record. Whether the acts of a police officer are committed within the scope of employment and in the discharge of such duties is a factual question (*see Matter of Williams v City of New York*, 64 NY2d 800, 802; *Matter of Polak v City of Schenectady*, 181 AD2d 233, 236-237). Pursuant to General Municipal Law § 50-j (6), once respondent determines to provide the protections therein, as it has here, it has a statutory duty to establish the method for determining whether the "police officer properly discharged his duties within the scope of his employment" (General Municipal Law § 50-j [6] [a], [b]). Article XVIII of the parties' collective bargaining agreement requires the Corporation Counsel to make a prompt, preanswer decision of all section 50-j defense and indemnification issues. Hence, whether Pedersen was "so acting and thus was entitled to representation by the Corporation Counsel and indemnification by [respondent] are to be determined in the first instance by the Corporation Counsel" (*Matter of Williams v City of New York, supra* at 802). The determination may be set aside only if it is arbitrary and capricious and lacks a factual basis in the record (*see id.* at 802).

"[A]n employee's actions are not within the scope of employ-

ment unless the purpose in performing such actions is to further the employer's interest, or to carry out duties incumbent upon the employee in furthering the employer's business" (*Stavitz v City of New York*, 98 AD2d 529, 531). In other words, "where an employee's conduct is brought on by a matter wholly personal in nature, the source of which is not job related, his actions cannot be said to fall within the scope of his employment" (*id.* at 531). The record contains sufficient evidence to support respondent's determination that Pedersen's conduct was not job related but personal in nature, engendered by the rejection of his advances by Rebecca Di Sorbo, thereby falling outside the scope of his employment (*see id.* at 531). Furthermore, while Pedersen denies that he had any interaction with Rebecca Di Sorbo before she approached the bar, and was unable to explain what motivated him to have her identification rechecked, "credibility issues are to be exclusively determined by the administrative factfinder and are outside the scope of this Court's review" (*Matter of Pearl v New York State Bd. for Professional Med. Conduct*, 295 AD2d 764, 765).

Equally unpersuasive is petitioner's argument that respondent's determination denying Pedersen a defense and indemnification with respect to the lawsuit by Jessica Di Sorbo is irrational in light of the fact that he had no direct contact with her. Although the record does not dispute the fact that Pedersen had no direct contact with Jessica Di Sorbo and was not the police officer who arrested her, nevertheless Supreme Court properly concluded that it was Pedersen's personal confrontation with Rebecca Di Sorbo which directly led to the arrest of Jessica Di Sorbo. Accordingly, respondent's determination cannot be characterized as irrational in light of the fact that Pedersen's conduct was personally motivated and entirely unrelated to the employer's business.

Cardona, P.J., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.