■ HARRY SMITH et al., Appellants, v ALLIE KLEINGARDNER et al., Defendants, and SULLIVAN COUNTY SHERIFF'S DEPARTMENT et al., Respondents. [790 NYS2d 573]—

Peters, J. Appeal from an order and judgment of the Supreme Court (Clemente, J.), entered November 7, 2003 in Sullivan County, which granted the motion of defendants Sullivan County Sheriff's Department and County of Sullivan for summary judgment dismissing the complaint against them.

This action was commenced to recover damages for injuries sustained by plaintiff Harry Smith (hereinafter plaintiff) as a result of an altercation on September 11, 1999 at the Beaverkill Inn in Parksville, Sullivan County. Defendant Allie Kleingardner was present at the Beaverkill Inn that evening. At approximately 1:00 A.M., several patrons came running into the bar, hollering that an armed man was in the parking lot threatening to kill someone. Kleingardner, a deputy sheriff employed with defendant Sullivan County Sheriff's Department and assigned to the jail facility run by defendant County of Sullivan (hereinafter collectively referred to as defendants), averred that he instructed the bartender to call the State Troopers while he went to the parking lot to try to "calm them down." Upon his arrival, Kleingardner encountered a large group of people confronting plaintiff, who was drunk and agitated. Kleingardner showed plaintiff his badge, told him that he worked for the Sheriff's Department and that the State Troopers had already been called. He also warned plaintiff that if he did not leave immediately, he would be arrested when the police arrived.[1] Plaintiff got back into his truck and began to leave the parking lot.

As Kleingardner was walking back to the tavern, a member of the crowd threw something at plaintiff's truck. Plaintiff stopped, got out of his truck and began to approach the screaming crowd, which was now proceeding towards him. Again, Kleingardner attempted to intercede, instructing plaintiff to leave the area. When Kleingardner escorted plaintiff to his truck, plaintiff suddenly stopped and announced that he was going to kill someone; he reached into the truck and grabbed a gun. Kleingardner

---

1. Kleingardner later explained that he did not place plaintiff under arrest because he felt that he did not have a way to control the crowd.

grabbed plaintiff and wrestled him to the ground. Kleingardner testified that he knocked the gun out of plaintiff's hand, secured it inside the truck, and instructed someone to call an ambulance. Although Kleingardner alleges that he never struck or hit plaintiff, plaintiff was severely beaten. State Troopers arrived shortly thereafter and questioned patrons. Kleingardner did not identify himself as a deputy sheriff or a peace officer. The next day, Kleingardner called the Sheriff's Department to report the incident.[2]

In August 2000, plaintiffs commenced this action alleging, among other things, that due to Kleingardner's employment and training as a peace officer, Kleingardner's actions during the altercation were within the scope of his employment, thereby making defendants liable under the doctrine of respondeat superior. In July 2003, defendants moved for summary judgment by contending that Kleingardner was acting outside the scope of his employment. Supreme Court granted the motion and this appeal ensued.

Defendants, as "the proponent of a summary judgment motion[,] [made] a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issue of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]) by alleging that Kleingardner was off-duty at the time of the incident and that his actions were not job-related (*see Matter of Schenectady Police Benevolent Assn. v City of Schenectady*, 299 AD2d 717, 718-719 [2002]; *Seymour v Gateway Prods.*, 295 AD2d 278, 278 [2002]; *Cardona v Cruz*, 271 AD2d 221, 222 [2000]; *Pekarsky v City of New York*, 240 AD2d 645, 645 [1997], *lv denied* 91 NY2d 806 [1998]; *Stavitz v City of New York*, 98 AD2d 529, 531-532 [1984]). The burden then properly shifted to plaintiff to produce evidentiary proof in admissible form sufficient to establish the existence of a triable issue of fact (*see Alvarez v Prospect Hosp., supra* at 324).

While we acknowledge that plaintiffs only submitted an attorney's affirmation which annexed the deposition testimony of Daniel Hogue, the Sheriff of Sullivan County, Hogue's testimony gave rise to a question of fact as to whether Kleingardner was acting within the scope of his employment at the time. Hogue explained that peace officers were permitted to carry a gun and make arrests. As a peace officer, Kleingardner would have the power of arrest when a crime is committed in his presence. Despite the fact that Kleingardner was off-duty at the time of the

---

2. A police investigation resulted in Kleingardner's arrest for the infliction of plaintiff's injuries. He was acquitted after trial.

incident, Hogue clarified that, by law, he remained a peace officer at all times. With evidence further demonstrating that Kleingardner had no personal knowledge or acquaintance with plaintiff before this incident, coupled with Kleingardner's testimony that he was attempting to calm a volatile situation that occurred in his presence, we find that an issue was raised as to whether Kleingardner was acting for his own personal benefit or within the scope of his employment at the time of this incident (*see Kull v City of New York*, 32 NY2d 951, 952 [1973]; *compare Matter of Schenectady Police Benevolent Assn. v City of Schenectady, supra; Seymour v Gateway Prods., supra; Cardona v Cruz, supra; Pekarsky v City of New York, supra; Stavitz v City of New York, supra; Lucey v State of New York*, 73 AD2d 998 [1980]).

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order and judgment is reversed, on the law, with costs, and motion denied.