COMPASS GROUP, USA, INC., Respondent, v GLENN MA-ZULA, Individually and Doing Business as THE ABBEY and THE HOMESTEAD, Appellant. [795 NYS2d 395]—

Rose, J. Appeal from an order of the Supreme Court (Benza, J.), entered August 11, 2004 in Albany County, which denied defendant's motion to vacate a default judgment entered against him.

Plaintiff, a vending machine business, erroneously issued

container refund checks payable to defendant's adult home facility. Unbeknownst to defendant, Annette Haley, one of defendant's employees, appropriated the refund checks, endorsed her own name on them and deposited them into her personal bank account. In May 2003, after defendant refused to reimburse the money to plaintiff, plaintiff commenced this action. In December 2003, a default judgment was entered against defendant. Supreme Court denied defendant's motion to vacate the default judgment, finding that, although he presented a reasonable excuse for his default, defendant failed to present a meritorious defense to plaintiff's claims under the doctrine of respondeat superior. Defendant now appeals.

Under the doctrine of respondeat superior, an employer is answerable for the tortious acts of its employees if those acts were within the scope of employment and in furtherance of the employer's business (*see N.X. v Cabrini Med. Ctr.*, 97 NY2d 247, 251-252 [2002]; *Riviello v Waldron*, 47 NY2d 297, 302-303 [1979]; *Helbig v City of New York*, 212 AD2d 506, 508 [1995]). "However, there is no vicarious liability on the part of the employer for torts committed by the employee solely for personal motives unrelated to the furtherance of the employer's business" (*Vega v Northland Mktg. Corp.*, 289 AD2d 565, 566 [2001] [citations omitted]; *see N.X. v Cabrini Med. Ctr., supra* at 251-252; *Murray v Watervliet City School Dist.*, 130 AD2d 830, 831 [1987]).

Here, defendant averred that, prior to being confronted by plaintiff, he had not known that the checks had been issued by plaintiff or received by his business. Nor did Haley have the authority to personally endorse any business checks or deposit them into her own personal account. Thus, insofar as Haley's theft of the checks can be viewed as being in direct conflict with defendant's business and outside the scope of her employment, defendant presented an arguably meritorious defense to plaintiff's claim under the theory of respondeat superior (*see Vega v Northland Mktg. Corp., supra* at 566; *Gottlieb v Sullivan & Cromwell*, 203 AD2d 241, 242 [1994]). Accordingly, given that defendant presented a reasonable excuse for the default, defendant's motion to vacate the default judgment should have been granted.

Crew III, J.P., Peters, Spain and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, default judgment vacated, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.