■ GLENN DENNARD et al., Respondents, v SMALL WORLD CENTER, INC., Appellant. [815 NYS2d 240]—

In an action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Suffolk County (Baisley, Jr., J.), entered September 29, 2004, which, upon a jury verdict finding it 98% at fault in the happening of the accident, and finding that the infant plaintiff sustained damages in the sum of $250,000 for past pain and suffering and in the sum of $550,000 for future pain and suffering, and upon the denial of its motion pursuant to CPLR 4404 (a) to set aside the verdict, is in favor of the plaintiffs and against it.

Ordered that the judgment is reversed, on the law, with costs, the motion is granted, and the action is dismissed.

On April 10, 2000 the infant plaintiff, then five years old, was in the bathroom at a day care center operated by the defendant Small World Center, Inc. (hereinafter Small World), when, as the jury found, he was sexually assaulted by another student. The infant plaintiff and his father brought this action against Small World, alleging inadequate supervision. After trial, the jury found that Small World was 98% at fault in the happening of the accident and awarded to the infant plaintiff the principal sums of $250,000 for past pain and suffering and $550,000 for future pain and suffering. Small World then moved pursuant to

CPLR 4404 (a), inter alia, to set aside the verdict on liability. The Supreme Court denied Small World's motion. We reverse.

"In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *see Whitfield v Board of Educ. of City of Mount Vernon*, 14 AD3d 552, 552-553 [2005]). In this case, the plaintiffs presented no evidence indicating that Small World had any knowledge or notice of prior sexual activity or violence. Further, Small World presented evidence that there were no complaints about sexual activity at its center before the subject incident, and the student who allegedly committed the assault had no history of physical or sexual violence.

Therefore there was no valid line of reasoning which would support the jury's verdict (*see Nicastro v Park*, 113 AD2d 129 [1985]). Small World is entitled to judgment as a matter of law dismissing the action.

In light of our determination, we need not reach Small World's remaining contentions. Adams, J.P., Ritter, Goldstein and Covello, JJ., concur.