772

■ ANN JJ., as Parent and Guardian of EDWARD JJ., Appellant, v SCHENECTADY ASSOCIATION FOR RETARDED CITIZENS et al., Respondents. [872 NYS2d 259]—

Stein, J. Appeal from an order of the Supreme Court (Kramer, J.), entered June 20, 2008 in Schenectady County, which granted defendants' motion for summary judgment dismissing the complaint.

Edward JJ. is a 55-year-old man with the mental capacity of a three year old. Because Edward's diminished capacity has limited his ability to communicate with others and prevents him from living on his own, he attended a day-care facility run by defendants. In or about February 2002, plaintiff, Edward's mother, observed certain sexual behaviors in her son that she had not previously observed. When asked about those behaviors, Edward responded in a manner that led his mother to believe that he had been sexually abused. Plaintiff brought the matter to the attention of defendants and, eventually, the local police agency, but neither found any evidence of sexual abuse. Plaintiff then commenced this action alleging, among other things, that defendants' negligent supervision of Edward had resulted in the alleged sexual abuse of Edward by either a member of defendants' staff or another person utilizing services at one of defendants' facilities. Plaintiff also alleged negligent training, monitoring and supervision of employees and participants in their program. Following discovery, Supreme Court granted defendants' motion for summary judgment dismissing the complaint. Plaintiff appeals and we affirm.

We agree with Supreme Court's determination that defendants met their initial burden of establishing their entitlement to summary judgment as a matter of law (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]) in that they came forward with some evidence of the manner in which they fulfilled their duty of care to Edward as the provider of adult day-care services. Specifically, they offered proof that they provided training to their employees and they supervised and

monitored employees and program participants, thus shifting the burden to plaintiff to raise a question of fact requiring a trial (*see* CPLR 3212 [b]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324, 326 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1068 [1979]).

In opposition to defendants' motion, plaintiff provided, in addition to her own testimony, an affirmation of her attorney and an "affirmation" of a licensed psychologist who had examined Edward. When an expert's affidavit is offered as proof to defeat a summary judgment motion, it " 'must contain sufficient allegations to demonstrate that the conclusions it contains are more than mere speculation and would, if offered alone at trial, support a verdict in the proponent's favor' " (*Ramos v Howard Indus., Inc.*, 10 NY3d 218, 224 [2008], quoting *Adamy v Ziriakus*, 92 NY2d 396, 402 [1998]; *see Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]). "Where the expert's ultimate assertions are speculative or unsupported by any evidentiary foundation, however, the opinion should be given no probative force and is insufficient to withstand summary judgment" (*Diaz v New York Downtown Hosp.*, 99 NY2d at 544 [citations omitted]).

Here, even if the psychologist's affirmation had been in proper form, it was insufficient to defeat defendant's motion for summary judgment. The psychologist observed that Edward "displayed several symptoms that are associated with sexual abuse" in a child of three to four years of age (noting that Edward's cognitive abilities were similar to that of a three year old at the time that she evaluated him). However, she did not actually set forth the opinion that Edward was sexually abused, nor did her affirmation provide any basis to determine when the alleged abuse occurred or by whom (*see Ramos v Howard Indus., Inc.*, 10 NY3d at 224; *Adamy v Ziriakus*, 92 NY2d at 402; *Diaz v New York Downtown Hosp.*, 99 NY2d at 544). Furthermore, given Edward's inability to testify, plaintiff's account of his statements—to the extent they might have been probative of any of those facts—constitutes inadmissible hearsay (*see generally Alvarez v Prospect Hosp.*, 68 NY2d at 327; *Zuckerman v City of New York*, 49 NY2d at 562). Under these unfortunate circumstances, plaintiff cannot demonstrate what, if anything, happened or, if Edward was the victim of sexual abuse, who perpetrated such abuse or when it occurred. Thus, Supreme Court properly determined that plaintiff failed to raise a triable issue of fact sufficient to defeat defendants' motion for summary judgment.

Cardona, P.J., Mercure, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is affirmed, with costs.