■ In the Matter of JOHN MATYAS, Respondent, v BOARD OF EDUCATION, CHENANGO FORKS CENTRAL SCHOOL DISTRICT, Appellant. [880 NYS2d 378]—

Rose, J. Appeal from a judgment of the Supreme Court (Rumsey, J.), entered April 7, 2008 in Broome County, which

granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying a defense and indemnification to petitioner.

Petitioner, who was employed as a teacher and coach by respondent, had an altercation with a parent while coaching a baseball game. Following the game, petitioner gave a statement to police which caused a criminal charge to be filed against the parent. After being acquitted of the charge, the parent commenced a malicious prosecution action against petitioner. When petitioner requested a defense and indemnification in the parent's action pursuant to Education Law § 3811, respondent refused on the grounds that petitioner had not been acting in the performance of his duties because he filed the criminal charge without involving school personnel. Petitioner then commenced this CPLR article 78 proceeding alleging that respondent's denial was arbitrary and capricious, and seeking a judgment compelling respondent to defend and indemnify him. Supreme Court made its own factual determination that the parent's action arose out of petitioner's duties as a coach and granted the petition.

We find merit in respondent's argument on appeal that Supreme Court failed to apply an arbitrary and capricious standard of review to respondent's determination. Education Law § 3811 (1) imposes liability on a school district for the costs and expenses incurred by a teacher who defends a civil action "arising out of . . . the performance of his [or her] duties under this chapter [of the Education Law]." Supreme Court found that petitioner was acting within the scope of his duties because he claimed that he had pressed charges to discourage the parent from disrupting future school events and his purpose serves respondent's interests. Such an analysis, however, is used by the courts to assess an employer's vicarious liability on a respondeat superior theory (*see Compass Group, USA, Inc. v Mazula*, 18 AD3d 1094, 1095 [2005]; *Murray v Watervliet City School Dist.*, 130 AD2d 830, 831 [1987]), and it is not determinative of whether respondent properly decided that it owed no statutory duty of indemnification (*see Matter of Schenectady Police Benevolent Assn. v City of Schenectady*, 299 AD2d 717, 718 [2002]). Rather, the issue of whether the act that gave rise to the parent's civil action came within the provisions of Education Law § 3811 was for respondent to decide in the first instance and its determination will be " 'set aside only if it lacks a factual basis, and in that sense, is arbitrary and capricious' " (*Matter of Riehle v County of Cattaraugus*, 17 AD3d 1029, 1030 [2005], quoting *Matter of Williams v City of New*

*York*, 64 NY2d 800, 802 [1985]; *see Matter of Schenectady Police Benevolent Assn. v City of Schenectady*, 299 AD2d at 718; *Matter of Polak v City of Schenectady*, 181 AD2d 233, 236 [1992]).

There is a factual basis for respondent's determination in the affidavits of its superintendent which state that petitioner initiated the criminal charge without notice or consultation with respondent, that petitioner was informed of respondent's decision not to press charges due to the lack of supporting evidence and that petitioner had been strongly discouraged from pursuing a criminal charge. While petitioner concedes that he gave his statement to police without first consulting respondent, he disputes the superintendent's other claims. In his reply affidavit, petitioner avers that, on the next school day, he told several of respondent's administrators that he had pressed charges, they expressed support for his doing so and he was never informed of a decision not to press charges. He also asserts that if he had been told not to pursue the charge, he would have withdrawn it. Inasmuch as there are material questions of fact as to whether respondent's determination has a rational basis, a hearing is necessary (*see* CPLR 7804 [h]; *Matter of Anonymous v Commissioner of Health*, 21 AD3d 841, 844 [2005]; *Matter of Higgins v La Paglia*, 281 AD2d 679, 681 [2001], *appeal dismissed* 96 NY2d 854 [2001]). Accordingly, the judgment must be reversed and the matter remitted to Supreme Court for further proceedings.

Peters, J.P., Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision. [*See* 19 Misc 3d 906.]