■ DEAN GRAY et al., Individually and as Parents and Guardians of DAVID M. GRAY, an Infant, Appellants v SOUTH COLONIE CENTRAL SCHOOL DISTRICT et al., Respondents. [883 NYS2d 647]—

Garry, J. Appeal from an order and judgment of the Supreme

Court (McNamara, J.), entered November 3, 2008 in Albany County, which granted defendants' motion for summary judgment dismissing the complaint.

In November 2005, plaintiffs' son (hereinafter the child), then six years old, broke his elbow when he fell from a climbing structure commonly known as monkey bars on the playground of an elementary school in the Town of Colonie, Albany County. The child later testified that he fell as he tried to swing from the first to the third rung of the structure's horizontal ladder. Plaintiffs commenced this action against the Town, defendant South Colonie Central School District and defendant Board of Education of South Colonie Central School District, alleging that defendants negligently failed to maintain the ground beneath the monkey bars in a reasonably safe condition, negligently failed to supervise the child, and permitted a private and public nuisance to exist on their premises.[1] Defendants moved for summary judgment dismissing the complaint, and Supreme Court granted the motion. Plaintiffs now appeal.

The child's father testified that he measured the monkey bars and the depth of the cushioning ground cover underneath them shortly after the accident. He found that the monkey bars were about $6^1/_2$ feet high, and he measured a six-inch-deep layer of loose wood chips in the area where the child fell, lying on top of a layer of packed-down chips that he did not measure. Plaintiffs assert that this cushioning material was insufficient and that defendants thereby breached their duty as governmental entities "to maintain [their] . . . playground facilities in a reasonably safe condition" (*Solomon v City of New York*, 66 NY2d 1026, 1027 [1985] [internal quotation marks and citation omitted]).

In seeking summary judgment, defendants bore the initial burden to "make a prima facie showing of entitlement to judgment as a matter of law [by] tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). To that end, they submitted deposition testimony and other documentary evidence demonstrating that the playground was regularly inspected by various District employees and insurance representatives, that additional wood chips were added under the monkey bars in August 2005, and that, in the course of a comprehensive inspection performed in October 2005, a District employee determined that 12 inches of wood chips were present

---

1. The County of Albany was also a named defendant but, as a result of a motion for summary judgment by the County, which plaintiffs did not appeal, the complaint was dismissed against it in a separate order.

under the monkey bars. The employee alleged by affidavit that the District followed playground safety guidelines promulgated by the Consumer Product Safety Commission (hereinafter CPSC) and that both the monkey bars' 78-inch height and the depth of the cushioning material underneath them complied with those guidelines. A portion of the CPSC playground safety handbook containing a table of recommended depths of various types of cushioning material was attached. This table indicated that when uncompressed wood chips are used, the material should be six inches deep to cushion a structure measuring seven feet tall.

We agree with Supreme Court that this evidence was sufficient to establish defendants' prima facie entitlement to judgment as a matter of law on the ground that the ground cover under the monkey bars was maintained in a reasonably safe condition (*see Padden v County of Suffolk*, 52 AD3d 663, 664 [2008]; *Banks v Freeport Union Free School Dist.*, 302 AD2d 341, 341 [2003]). The burden therefore shifted to plaintiffs to submit admissible evidence establishing the existence of triable issues of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853; *Zuckerman v City of New York*, 49 NY2d 557, 560 [1980]).

Plaintiffs submitted the affidavits of a school safety consultant and an emergency room physician. The consultant's affidavit merely referenced plaintiffs' expert disclosure, in which it was claimed that defendants should have placed at least nine inches of mulch cover or cushioning material under the monkey bars to comply with CPSC guidelines and that the alleged failure to do so, combined with negligent supervision, proximately caused the child's injury. The physician opined that the child's injuries would probably have been less severe if the monkey bars had been lower or the cushioning surface deeper. Neither expert inspected the playground or the ground cover, instead basing their views solely on documentary evidence, including the deposition testimony, photographs, the measurements taken by the child's father, and medical records (*see Banks v Freeport Union Free School Dist.*, 302 AD2d at 342; *see also Dillman v Albany R.C. Diocese*, 237 AD2d 767, 768-769 [1997]). Their opinions as to the material's composition and depth were based solely upon the measurements taken by the child's father. These measurements did not reveal the depth of the layer of the compressed wood chips that the father described under the six-

inch-deep loose chips.[2] " 'Where [an] expert's ultimate assertions are speculative or unsupported by any evidentiary foundation . . . the opinion should be given no probative force and is insufficient to withstand summary judgment' " (*Ann JJ. v Schenectady Assn. for Retarded Citizens*, 59 AD3d 772, 773 [2009], quoting *Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]). Supreme Court correctly determined that the affidavits were "insufficient to raise a triable issue of fact as to whether the depth of the ground cover was adequate" (*Banks v Freeport Union Free School Dist.*, 302 AD2d at 342; *see Grandeau v South Colonie Cent. School Dist.*, 63 AD3d 1484 [2009]; *Stocklas v Auto Solutions of Glenville, Inc.*, 9 AD3d 622, 624 [2004], *lv dismissed and denied* 4 NY3d 738 [2004]).

As to plaintiffs' claim of negligent supervision, "[d]efendant[s] ha[ve] a duty to adequately supervise and instruct the students in [their] care and will be held liable for foreseeable injuries proximately caused by [their] negligence" (*Oakes v Massena Cent. School Dist.*, 19 AD3d 981, 981-982 [2005]). The requisite degree of care is that of a reasonably prudent parent under similar circumstances (*see Fulger v Capital Dist. YMCA*, 42 AD3d 694, 695 [2007]; *Oakes v Massena Cent. School Dist.*, 19 AD3d at 982). Defendants submitted the child's deposition testimony stating that before the accident, he had played on the monkey bars, to his recollection, two or four times. At the time of his fall, the child and approximately six other children were on the playground with an after-school counselor who was located either on a bench or walking in the area. The counselor came to him when he got up from his fall, and medical care was immediately provided. It is further undisputed that the CPSC playground safety guidelines describe monkey bars, such as those involved here and 84 inches high, as appropriate play equipment for children aged 6 to 12.

These facts establish a prima facie basis supporting defendants' assertion that the child was supervised at the time of the accident, shifting the burden to plaintiffs to demonstrate that the supervision was inadequate (*see Ann JJ. v Schenectady Assn. for Retarded Citizens*, 59 AD3d at 772-773). The child's mother testified that she always spotted the child when he played on the monkey bars, but she acknowledged that she did not make any request for such supervision nor to impose any other limits on the child's use of the equipment. Plaintiffs' consultant opined that the supervisor should have been closer to the monkey bars,

---

2. Plaintiffs' counsel argues upon appeal that there is a factual issue as to whether the District used wood chips or another product, but this was not developed or demonstrated in the record.

but failed to support this claim with any evidence as to her distance from the scene or an opinion regarding the appropriate distance for sufficient supervision. The assertion of negligent supervision was thus conclusory and unsupported by any evidentiary foundation (*see id.* at 773). Defendants' duty to provide adequate supervision was not equivalent to a duty to ensure the child's safety (*see Mirand v City of New York,* 84 NY2d 44, 49 [1994]; *Fulger v Capital Dist. YMCA,* 42 AD3d at 695), nor was the alleged lack of supervision shown to be the proximate cause of the child's injury in these circumstances (*see Ronan v School Dist. of City of New Rochelle,* 35 AD3d 429, 430 [2006]). We agree with Supreme Court that plaintiffs failed to demonstrate the existence of any triable issues of fact on this issue.

Finally, plaintiffs' claim sounding in public nuisance is meritless (*see Copart Indus. v Consolidated Edison Co. of N.Y.,* 41 NY2d 564, 568 [1977]; *Haire v Bonelli,* 57 AD3d 1354, 1358 [2008]; *Reid v Kawasaki Motors Corp., U.S.A.,* 189 AD2d 954, 956 [1993]). This claim was therefore properly dismissed.[3]

Mercure, J.P., Peters, Malone Jr. and Stein, JJ., concur. Ordered that the order and judgment is affirmed, without costs.

---

**3.** The cause of action for private nuisance in plaintiffs' complaint was not referenced in the briefs and, therefore, it appears to have been abandoned.