■ ANDREW T.B. et al., Respondents, v BREWSTER CENTRAL SCHOOL DISTRICT et al., Appellants. [889 NYS2d 240]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Putnam County (O'Rourke, J.), dated November 13, 2008, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The infant plaintiff, a kindergarten student, allegedly was sexually molested by two second- or third-grade students while seated towards the rear of the school bus on his way home from school. The infant plaintiff, by his mother, and his mother, derivatively, commenced this action to recover damages for personal injuries, alleging negligent supervision, training, and hiring. The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion. This appeal ensued.

The defendants established their prima facie entitlement to judgment as a matter of law (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). In order to find that a school has breached its duty to provide adequate supervision in the context of injuries caused by the acts of fellow students, the plaintiff must show that "school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (Mirand v City of New York, 84 NY2d 44, 49 [1994]; see Bertola v Board of Educ. of City of N.Y., 1 AD2d 973 [1956]). Thus, "[a]ctual or constructive notice to the school of prior similar conduct is generally required because . . . school personnel cannot reasonably be expected to guard against all of the sudden, spontaneous acts that take place among students daily" (Mirand v City of New York, 84 NY2d at 49). Here, the defendants submitted proof, including the deposition testimony of a school district employee, that the defendants had neither actual nor constructive notice of any prior similar conduct (see Hallock v Riverhead Cent. School Dist., 53 AD3d 527 [2008]; Whitfield v Board of Educ. of City of Mount Vernon, 14 AD3d 552, 553 [2005]; see also Dennard v Small World Ctr., Inc., 29 AD3d 730 [2006]). In addition, the defendants submitted the deposition testimony of the infant plaintiff and his mother that they had not reported any such prior incidents to the defendant. In opposition, the plaintiffs failed to raise a tri-

able issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The mother's assertion, in her affidavit in response to the defendants' motion, that she believed there were prior similar incidents, was contrary to her deposition testimony and was insufficient to raise a triable issue of fact (*see Luiso v Northern Westchester Hosp. Ctr.*, 65 AD3d 1296 [2009]; *Knox v United Christian Church of God, Inc.*, 65 AD3d 1017 [2009]). Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.

In light of our determination, the defendants' remaining contention that the derivative cause of action of the infant plaintiff's mother was time-barred has been rendered academic. Rivera, J.P., Skelos, Balkin and Leventhal, JJ., concur.