■ JOAN DOE, as Parent and Guardian of JENNIFER DOE, an Infant, Respondent, v CHENANGO VALLEY CENTRAL SCHOOL DISTRICT, Appellant, et al., Defendant. [938 NYS2d 360]—

Malone Jr., J.

"In order to recover against an employer for negligent retention [or negligent supervision] of an employee, a plaintiff must show that 'the employer was on notice of a propensity to commit the alleged acts' " (*G.G. v Yonkers Gen. Hosp.*, 50 AD3d 472 [2008], quoting *White v Hampton Mgt. Co. L.L.C.*, 35 AD3d 243, 244 [2006]; *see Gray v Schenectady City School Dist.*, 86 AD3d

771, 773 [2011]). Here, defendant claimed that it had no reason to believe that Setzer was unfit to serve as a school bus operator and, therefore, summary judgment dismissing the entire complaint against it was warranted. We disagree. Although the record reflects that Setzer's employment application, including a criminal background check, revealed nothing out of the ordinary,[2] plaintiff alleges that, approximately eight months prior to the incident giving rise to this action, she complained to defendant's acting transportation director that Setzer had lowered his pants and exposed his adult diaper to a group of children on his bus, including Jennifer Doe's younger sister. Although the record reveals that it is defendant's policy to conduct a thorough investigation if an employee behaves inappropriately in a way that may affect his or her job fitness, there is no evidence that defendant conducted any investigation or took any action against Setzer with respect to this incident. Contrary to defendant's contention, upon the record before us, we agree with Supreme Court that issues of fact exist as to whether Setzer's conduct put defendant on notice that he had a propensity to commit acts of sexual misconduct and, in light of such conduct, whether defendant was negligent in either retaining or supervising him.

Viewing the evidence in the light most favorable to plaintiff, an issue of fact also exists as to whether defendant negligently supervised Jennifer Doe during the field trip. The evidence established that defendant made students and parents aware of the rules for the field trip, paired students in a "buddy system" and instructed chaperones to make contact with their students on a regular basis. According to several witnesses, there were many employees of defendant watching the children while they were in the park and in the water to ensure their safety and to ensure that they did not enter any prohibited areas, such as the parking lot. However, Jennifer Doe, Jessica Doe and another student were asked by Setzer to go back to the bus in the parking lot to get his swimsuit. There was some evidence that at least one of defendant's employees knew that the children were heading to the parking lot and let them proceed unaccompanied by a chaperone. At some point while the children were looking for the swimsuit, Setzer boarded the bus, offered the children candy, invited them to his house for a party, gave them his

---

**2.** Apparently, the criminal background check performed by the Department of Motor Vehicles did not reveal—nor did Setzer report to defendant— that, in 1989, Setzer had been convicted of endangering the welfare of a child (*see* Penal Law § 260.10), which disqualified him from operating a school bus for a period of five years (*see* Vehicle and Traffic Law § 509-cc [2] [c]; [4] [c]).

telephone number, told them he was going to change his clothes in front of them, and grabbed the string on the bottom of Jessica Doe's bathing suit, causing it to come undone. Setzer then decided to change into his swimsuit in the restroom and the group proceeded to the water, where Setzer began playing with several children, including Jennifer Doe and Jessica Doe, picking them up and throwing them in the air, dunking them under the water and generally "rough housing" with them. During this time in the water, Setzer sexually abused Jennifer Doe and Jessica Doe. According to their testimony, none of defendant's employees had observed Setzer leave the park area to go to the bus and none had observed him in the water interacting with the children. On this record, viewing the evidence in the light most favorable to plaintiff, an issue of fact exists as to whether, in supervising Jennifer Doe during the field trip, defendant exercised the same care "as a parent of ordinary prudence would observe in comparable circumstances" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994] [internal quotation marks and citation omitted]; *accord Romero v YMCA of Greater Malone Dev. Group, LLC*, 79 AD3d 1344 [2010]).

Finally, inasmuch as defendant never made a written demand of plaintiff to resume prosecution and Supreme Court's order directing her to file a note of issue did not contain the notice required by CPLR 3216, Supreme Court properly denied that part of defendant's motion seeking dismissal of the complaint for want of prosecution.

Peters, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.