*948 The plaintiff commenced this action alleging that she was sexually assaulted in her home by the defendant Andrew C. Johnson, a New York City police officer. With respect to the plaintiffs causes of action against the defendant City of New York that were based on the alleged conduct of Johnson, who defaulted in this action, the Supreme Court charged the jury on negligent employment, training, and supervision (see PJI 2:240). As to the plaintiffs claim that the defendant police officer Donald Nelson violated her civil rights by failing to protect her from the assault by Johnson, the court charged the jury on 42 USC § 1983 and the deprivation of the right to be free of cruel and unusual punishment (see PJI 3:60, 3:60.4).
“A motion for judgment as a matter of law pursuant to CPLR 4401 or 4404 may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party” (Ryan v City of New York, 84 AD3d 926, 926-927 [2011] [internal quotation marks omitted]; see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]). “In considering such a motion, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant” (Jourbine v Ma Yak Fu, 67 AD3d 865, 866 [2009] [internal quotation marks omitted]).
A necessary element of a cause of action alleging negligent retention or negligent supervision is that the “employer knew or should have known of the employee’s propensity for the conduct which caused the injury” (Rumpus v New York City Tr. Auth., 47 AD3d 653, 654 [2008] [internal quotation marks omitted]).
Here, although the plaintiff presented testimony that Johnson *949 had been reprimanded for failing to report a lost prisoner, that is not conduct that would reasonably put the City on notice that Johnson was inclined toward conduct such as that which allegedly caused the plaintiffs injuries (see Dennard v Small World Ctr., Inc., 29 AD3d 730 [2006]; Kelly v City of New York, 16 AD3d 463 [2005]; Oliva v City of New York, 297 AD2d 789 [2002]; Ray v Metropolitan Transp. Auth., 221 AD2d 613 [1995], cert denied sub nom. Ray v Willett, 519 US 822 [1996]; cf. Fenstermacher v Nevins Amusements, 273 AD2d 347 [2000]). Nor did the plaintiff establish that a special duty was owed to her by the City (see Valdez v City of New York, 18 NY3d 69, 80 [2011]). Accordingly, the Supreme Court should have granted that branch of the motion of the City and Nelson which was pursuant to CPLR 4404 (a) for judgment as a matter of law dismissing the complaint insofar as asserted against the City (see Ray v Metropolitan Transp. Auth., 221 AD2d at 614).
As to the plaintiffs 42 USC § 1983 claim arising out of Nelson’s alleged deprivation of her rights under the Eighth Amendment by failing to protect her from Johnson, the plaintiff was not in police custody at the time of the alleged sexual assault (cf. DeShaney v Winnebago County Dept. of Social Servs., 489 US 189 [1989]; Clarke v Sweeney, 312 F Supp 2d 277, 296 [2004]). Moreover, the evidence was legally insufficient to establish that Nelson was “deliberately indifferent to an unjustifiably substantial risk of serious harm of which [he was] aware, or that the risk was so obvious that it should have been known to [him]” (Fausto v City of New York, 17 AD3d 520, 522 [2005]; see Farmer v Brennan, 511 US 825 [1994]; see also Galapo v City of New York, 95 NY2d 568, 575 [2000]; Carroll v City of New York, 287 AD2d 430, 431 [2001]; Malenczak v City of New York, 265 AD2d 532, 533 [1999]). Thus, the Supreme Court should have granted that branch of the motion of the City and Nelson which was pursuant to CPLR 4404 (a) for judgment as a matter of law dismissing the complaint insofar as asserted against Nelson.
The plaintiffs remaining contentions either are without merit or, having not been raised before the Supreme Court, are not properly before this Court.
In light of the facts that the complaint must be dismissed insofar as asserted against the City and Nelson and that the Supreme Court has granted the plaintiff a default judgment against Johnson, based on his failure to answer or appear in this action, we remit the matter to the Supreme Court, Kings County, for further proceedings on the complaint insofar as asserted against Johnson. Skelos, J.P., Balkin, Leventhal and Austin, JJ., concur.