■ MICHAEL WAYNE STEVENS, Appellant, v RICHARD P. KELLAR, Individually and as Officer in Charge, Defendant, and TOWN OF NEW BERLIN, Respondent. [977 NYS2d 461]—

Egan Jr., J. Appeal from an order of the Supreme Court (Dowd, J.), entered December 20, 2012 in Chenango County, which granted a motion by defendant Town of New Berlin for summary judgment dismissing the complaint against it.

On the evening of October 29, 2008, plaintiff drove to the South Town Pub in the hamlet of South New Berlin, Town of New Berlin, Chenango County to "hang out." The establishment was offering a "dollar can night" promotion and, between approximately 7:15 p.m. that evening and 12:30 a.m. the following morning, plaintiff consumed approximately 12 cans of beer. Shortly before closing, Jessica Allen, who was in a romantic relationship with defendant Richard P. Kellar, the Officer in Charge of the New Berlin Police Department, came into the pub with a girlfriend to buy beer.[1] Following an exchange between plaintiff and Allen, the substance of which is subject to considerable dispute,[2] Allen and her girlfriend left the bar and returned to Kellar's residence. After listening to Allen's version of what allegedly transpired at the pub, Kellar—accompanied by Allen— drove to the pub in Allen's car and confronted plaintiff, who was standing outside smoking a cigarette. An altercation ensued, during the course of which plaintiff suffered various injuries, including a fractured arm and a broken wrist. Disciplinary charges subsequently were lodged against Kellar, who ultimately resigned from his position.

Plaintiff thereafter commenced this action against Kellar and defendant Town of New Berlin contending, among other things, that the Town was vicariously liable for Kellar's actions. Following joinder of issue and discovery, the Town moved for summary judgment dismissing the complaint against it. Supreme Court granted the Town's motion, finding that Kellar was not acting within the scope of his employment at the time of the incident but, rather, was at the pub "as a ticked off boyfriend upset about conduct directed at his girlfriend by plaintiff." This appeal by plaintiff ensued.

We affirm. "The doctrine of respondeat superior renders an

1. Allen, her girlfriend and Kellar previously had been drinking at Kellar's house and, when they ran out of alcohol, Allen and her girlfriend drove to the pub to purchase more beer.

2. Plaintiff admitted to hugging and "hitting on" Allen while she was in the pub, but contended that he and Allen had a "good, friendly" rapport with one another and characterized his relationship with her as "flirtatious." Allen presented a markedly different version of this encounter—one that included plaintiff sticking his hand down her pants and blocking her exit from the pub.

employer vicariously liable for the tortious acts of its employees only if those acts were committed in furtherance of the employer's business and within the scope of employment" (*Burlarley v Wal-Mart Stores, Inc.*, 75 AD3d 955, 956 [2010] [internal quotation marks and citation omitted]; *see Mazzarella v Syracuse Diocese*, 100 AD3d 1384, 1385 [2012]; *Danner-Cantalino v City of New York*, 85 AD3d 709, 710 [2011]). Thus, "where an employee's actions are taken for wholly personal reasons, which are not job related, his or her conduct cannot be said to fall within the scope of employment" (*Danner-Cantalino v City of New York*, 85 AD3d at 710 [internal quotation marks and citation omitted]; *see Mazzarella v Syracuse Diocese*, 100 AD3d at 1385; *Burlarley v Wal-Mart Stores, Inc.*, 75 AD3d at 956). Notably, and as is relevant to the matter before us, "[a] municipality cannot be held vicariously liable for acts perpetrated by a member of its police force in the course of engaging in a personal dispute, without any genuine official purpose, whether or not the police officer characterizes such conduct as an arrest or incident to an arrest" (*Campos v City of New York*, 32 AD3d 287, 291-292 [2006], *lv denied* 8 NY3d 816 [2007], *appeal dismissed* 9 NY3d 953 [2007]).

Kellar, by his own admission, was not on duty when he went to the pub in Allen's personal vehicle during the early morning hours of October 30, 2008; he also was not in uniform, was not carrying his police radio, did not identify himself as a police officer, did not report the alleged assault upon Allen to his dispatcher or another law enforcement agency, did not at any time attempt to take plaintiff into custody and, as acknowledged at oral argument, was not carrying his weapon. Indeed, upon arriving at the pub, Kellar stated to plaintiff, "I'm not here as a cop." Further, when pressed as to his reasons for confronting plaintiff, Kellar acknowledged that he only wanted "to see what [plaintiff's] side of . . . the story was" and admitted that he was not there to "officially" investigate the alleged assault. Such proof, in our view, was more than sufficient to discharge the Town's initial burden on its motion for summary judgment. As plaintiff failed to tender sufficient admissible proof to raise a question of fact as to whether Kellar was acting within the scope of his employment at the time of the altercation with plaintiff, the Town was entitled to summary judgment dismissing plaintiff's vicarious liability claims against it (*see Danner-Cantalino v City of New York*, 85 AD3d at 710; *Perez v City of New York*, 79 AD3d 835, 836-837 [2010]; *Pungello v City of New York*, 18 AD3d 216, 216 [2005]; *Seymour v Gateway Prods.*, 295 AD2d 278, 278 [2002]; *cf. Campos v City of New York*, 32 AD3d at 290-291; *Lucey v State of New York*, 73 AD2d 998, 998 [1980];

*Davis v City of New York*, 226 AD2d 271, 272 [1996], *lv denied* 88 NY2d 815 [1996]; *compare Smith v Kleingardner*, 16 AD3d 752, 754-755 [2005]).

We reach a similar conclusion with respect to plaintiff's claim that the Town negligently hired, trained and/or supervised Kellar. "To establish a cause of action based on negligent hiring, negligent retention, or negligent supervision, it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (*Shor v Touch-N-Go Farms, Inc.*, 89 AD3d 830, 831 [2011]; *see Ronessa H. v City of New York*, 101 AD3d 947, 948 [2012]; *Kelly G. v Board of Educ. of City of Yonkers*, 99 AD3d 756, 757 [2012]; *Doe v Chenango Val. Cent. School Dist.*, 92 AD3d 1016, 1016 [2012]; *Kinge v State of New York*, 79 AD3d 1473, 1476 [2010]). Here, although Kellar indeed had been convicted of assault in the third degree in the early 1990s, one of the Town's representatives testified that the Town was aware of and discussed this incident with Kellar prior to hiring him and that they thereafter did not receive any complaints regarding Kellar's behavior. Under these circumstances, Kellar's prior conviction—standing alone—was insufficient to put the Town on notice that he "was inclined toward conduct such as that which allegedly caused . . . plaintiff's injuries" (*Ronessa H. v City of New York*, 101 AD3d at 949; *see Pinkney v City of New York*, 52 AD3d 242, 243 [2008]; *compare Kelly G. v Board of Educ. of City of Yonkers*, 99 AD3d at 758; *Doe v Chenango Val. Cent. School Dist.*, 92 AD3d at 1017). Accordingly, Supreme Court properly granted the Town's motion for summary judgment dismissing the complaint against it. Plaintiff's remaining arguments on this point, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, P.J., Lahtinen and Spain, JJ., concur. Ordered that the order is affirmed, without costs.