Devine, J.
Appeal from that part of an order of the Supreme Court (McKeighan, J.), entered October 17, 2013 in Washington County, which partially denied a motion by defendant Berkshire Farm Center and Services for Youth for summary judgment dismissing the complaint against it.
*1320 Plaintiff was a 14-year-old resident of defendant Berkshire Farm Center and Services for Youth (hereinafter defendant) when defendant Stacy D. Williams, who was a counselor at defendant’s facility, entered plaintiffs room and engaged in sexual intercourse with her.* Plaintiff commenced this negligence action and, following joinder of issue and the completion of disclosure, plaintiff and defendant moved for summary judgment. Supreme Court partially granted defendant’s motion by dismissing the vicarious liability and negligent hiring causes of action, but denied defendant’s motion with respect to the claims of negligent training and supervision. The court denied plaintiffs cross motion in its entirety. Defendant now appeals.
In order to succeed on a claim of negligent training and supervision of an employee, it must be demonstrated that the employer “knew or should have known of the employee’s propensity for the conduct which caused the injury” (Kinge v State of New York, 79 AD3d 1473, 1476 [2010] [internal quotation marks and citations omitted]; see Stevens v Kellar, 112 AD3d 1206, 1209 [2013]) and that the allegedly deficient supervision or training was a proximate cause of such injury (see Gray v Schenectady City School Dist., 86 AD3d 771, 773 [2011]). In support of its motion seeking the dismissal of plaintiffs negligent training and supervision claims, defendant presented testimony from its employees — including those who assumed supervisory positions — indicating that there were no prior indicia or reports of any inappropriate conduct by Williams toward the youths residing in the detention facility and that the news of the incident with plaintiff came as a complete surprise. Plaintiffs examination before trial testimony revealed that, although she felt that Williams treated her differently than the other residents when they were alone, she did not recall any physical contact between them prior to the night of the sexual assault or report to staff that Williams made her feel uncomfortable. Further, record testimony indicates that defendant provided staff members, including Williams, with written training manuals regarding proper interaction with troubled youth, including instructions on maintaining adequate interpersonal boundaries. The facility director stated that she attempted to hold staff meetings “on a regular basis” to review the facility’s programmatic goals, and Williams similarly testified that he was subject to regular assessments by supervisory staff.
As defendant met its initial burden on its motion for summary judgment seeking dismissal of these negligent training *1321 and supervision claims by proffering evidence establishing its entitlement to judgment as a matter of law, the burden shifted to plaintiff to present evidence raising an issue of fact warranting a trial (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Lockwood v Layton, 79 AD3d 1342, 1342-1343 [2010]; Ann JJ. v Schenectady Assn. for Retarded Citizens, 59 AD3d 772, 772-773 [2009]). Review of the testimony of defendant’s employees reveals that there was a general reluctance on the part of several staff members to report policy violations to supervisors or register complaints regarding staff conduct. Two staff members, in particular, testified that the director was not responsive to reports of improper conduct and she disregarded staff concerns regarding, among other things, scheduling male counselors to work alone during overnight shifts while there were female residents — some of whom were characterized as highly sexually active — in the facility. One staff member testified that he was aware of an incident in which Williams told plaintiff that she was “sexy” as she was returning to her room in a towel after having taken a shower, but he did not confront Williams or report it to his supervisors. Other evidence exists evincing Williams’ propensity to engage in inappropriate contact with youths in the facility, including one occasion where it was discovered that a female resident had written Williams’ phone number on a slip of paper. Rather than make a comprehensive inquiry about the matter, defendant limited its investigation to questioning the female and Williams. Despite the nature of the incident, defendant’s director denied having any concerns about Williams’ interaction with the residents. Other testimony by staff members described Williams as a counselor who appeared to relish having authority over the children and he acted aggressively toward them and without apparent concern for their interests. Specifically, one counselor averred that he observed Williams tell a female resident that he would “be with her” under different circumstances and that, although this staff member reported the exchange to a supervisor, Williams was not disciplined. Other complaints to supervisors regarding Williams’ improper conduct appear to have gone unaddressed, causing one counselor to opine during his deposition that such reports “went in one ear and out the other.” Viewing this evidence, as well as counselor testimony that defendant did not test or otherwise ensure that its staff members were knowledgeable and compliant with its written policies and instructional materials, in a light most favorable to plaintiff, we find that material issues of fact preclude summary judgment on these causes of action (see Doe v Chenango Val. Cent. School Dist., 92 AD3d 1016, 1017 [2012]; G.G. v Yonkers Gen. Hosp., 50 AD3d 472, 472 [2008]).
*1322 McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur.
Ordered that the order is affirmed, with costs.

 Williams was convicted upon a guilty plea of the crime of rape in the third degree and sentenced to a term of imprisonment.