Nickey v City of Mt. Vernon (2024 NY Slip Op 04208)

Nickey v City of Mt. Vernon

2024 NY Slip Op 04208

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2023-00852
 (Index No. 52244/21)

[*1]Aaron Nickey, appellant, 
v
City of Mt. Vernon, respondent, et al., defendant.

Elefterakis, Elefterakis & Panek, New York, NY (Gabriel P. Harvis and Oliver R. Tobias of counsel), for appellant.
Quinn Law Firm, White Plains, NY (Steven J. Bushnell and Andrew Quinn of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Damaris E. Torrent, J.), dated December 15, 2022. The order, insofar as appealed from, granted that branch of the motion of the defendant City of Mt. Vernon which was for summary judgment dismissing the cause of action alleging negligent retention insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In the afternoon of September 15, 2019, the defendant Orville Kitson, a police officer for the City of Mount Vernon, was off duty and at a party in Brooklyn. The plaintiff was working as a security guard at the party. A dispute arose between the plaintiff and Kitson, and Kitson drew a gun, pointed it at the plaintiff's head, and allegedly pulled the trigger. The plaintiff heard the gun click, but it did not fire. Kitson was subdued and arrested. Kitson subsequently was convicted of menacing in the second degree.
The plaintiff commenced this action against Kitson and the defendant City of Mt. Vernon. The complaint alleged that the City, among other things, negligently retained Kitson as a police officer, entrusting him with a firearm and the license to carry a firearm. The City moved for summary judgment dismissing the complaint insofar as asserted against it. The City acknowledged an incident that occurred on June 12, 2016, in Mount Vernon, in which Kitson unlawfully discharged his service weapon into the air while off duty and intoxicated (hereinafter the 2016 incident), resulting in a misdemeanor conviction of prohibited use of a weapon. As a result of that incident, Kitson lost his privileges to carry a weapon for approximately one year, was demoted, and was required to complete an alcohol treatment program. In support of its motion, the City argued, inter alia, that the 2016 incident, which did not involve aggression or violence towards another person, was insufficient to put the City on notice that Kitson was disposed to engage in the type of violent behavior that occurred in the subject incident. In opposition to the motion, the plaintiff argued, among other things, that the 2016 incident provided the City with sufficient notice of Kitson's violent tendencies and that the City was negligent in retaining Kitson and restoring him to active duty with full firearms access. In an order dated December 15, 2022, the Supreme Court, inter alia, granted that branch of the City's motion which was for summary judgment dismissing the cause of [*2]action alleging negligent retention insofar as asserted against it. The plaintiff appeals.
"[U]nder the theory of negligent hiring and retention, an employer may be liable for the acts of an employee acting outside the scope of his or her employment" (Gonzalez v City of New York, 133 AD3d 65, 67; see Tabchouri v Hard Eight Rest. Co., LLC, 219 AD3d 528, 533). A cause of action for negligent retention requires proof that the employer knew or should have known of the employee's harmful propensities, that it failed to take necessary action, and that this failure proximately caused the plaintiff's injuries (see McCrink v City of New York, 296 NY 99, 103; Waterbury v New York City Ballet, Inc., 205 AD3d 154, 160; D.T. v Sports & Arts in Schs. Found., Inc., 193 AD3d 1096, 1097).
Here, in support of its motion, the City established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not know or have reason to know of Kitson's propensity for the conduct that caused the plaintiff's injury (see Barton v City of New York, 187 AD3d 976, 978; Evans v City of Mount Vernon, 92 AD3d 829, 830). The 2016 incident, in which Kitson discharged his firearm into the air while intoxicated, was insufficient to put the City on notice of any propensity of Kitson to act violently or aggressively in the manner that he did towards the plaintiff (see Stevens v Kellar, 112 AD3d 1206, 1209; Ronessa H. v City of New York, 101 AD3d 947, 948-949). In opposition, the plaintiff failed to raise a triable issue of fact (see Kelly v City of New York, 16 AD3d 463, 464).
Accordingly, the Supreme Court properly granted that branch of the City's motion which was for summary judgment dismissing the cause of action alleging negligent retention insofar as asserted against it.
In light of our determination, the parties' remaining contentions need not be reached.
CONNOLLY, J.P., BRATHWAITE NELSON, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court