■ In the Matter of EVELYN M. WEST, as Administratrix of the Estate of SUSAN WEST, Deceased, Appellant, v BOARD OF TRUSTEES OF EGGERTSVILLE COMMON SCHOOL DISTRICT, Respondent. (Appeal No. 1.) — Judgment unanimously affirmed, without costs. Memorandum: In October, 1973, as a result of personal illness, petitioner Susan M. West, a tenured teacher employed by respondent Board of Trustees of the Eggertsville Common School District (Board) was granted sick leave. Upon expiration of her sick leave benefits in October, 1974, petitioner was granted a further leave of absence without pay until such time as she was completely recovered "but in no event for a period beyond November 1, 1975." The additional leave was further conditioned upon petitioner's supplying a certification from her personal physician as to her fitness to resume full-time teaching duties. It is undisputed that petitioner never applied for nor received a further leave of absence for the period after November 1, 1975; that she never supplied the requisite medical certification; nor did she ever express any desire to return to her teaching position until March, 1979. At that time, respondent Board denied petitioner's request for reinstatement on the basis that her extended leave of absence had expired on November 1, 1975 and her absence after such date constituted an "abandonment" of her teaching position. Petitioner thereafter commenced this CPLR article 78 proceeding to compel respondent Board to reinstate her to her position as a tenured teacher with full back pay and benefits. In denying the petition, Special Term found that petitioner had abandoned her teaching position. During the pendency of this appeal, petitioner died. However, inasmuch as the original proceeding included a claim for back pay, petitioner's claim has not abated. We find ample support in the record for Special Term's determination that petitioner abandoned her teaching position and for this reason affirm (*Matter of Thomas v Board of Educ.,* 58 AD2d 584). Moreover, without a finding of abandonment of her position, petitioner's entitlement to back pay, had she survived, in the absence of any showing that the Board acted

in bad faith or interfered with her rights under section 3020-a of the Education Law, would have depended on her success in seeking reinstatement upon a favorable outcome of an administrative hearing (see Education Law, § 3020-a, subd 4). We find no evidence of such improper conduct on the part of the Board. Thus, petitioner's death made it impossible for her to comply with the prerequisite of receiving back pay (i.e., prevailing after a hearing) and, under the circumstances, rendered her claim for back pay academic. (Appeal from judgment of Supreme Court, Erie County, J. B. Kane, J. — art 78.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Schnepp, JJ.