In the Matter of JUDITH M. HESSNEY, Appellant, v BOARD OF EDUCATION OF THE PUBLIC SCHOOLS OF THE TARRYTOWNS et al., Respondents. [644 NYS2d 826] —White, J.

On June 26, 1990, respondent Board of Education of the Public Schools of the Tarrytowns abolished one teaching position in the business education tenure area and terminated petitioner's services as a business education teacher. She was then placed on a preferred eligible list of candidates for an appointment to any future vacancy in a similar position. When a vacancy occurred within the school district for a computer teacher position, petitioner unsuccessfully applied for it. Thereafter, she commenced this CPLR article 78 proceeding alleging that the computer teaching position was similar to her previous position and that respondents had violated Education Law § 3013 (3) by not offering it to her. Respondents moved to

dismiss the proceeding alleging, *inter alia*, that petitioner failed to appeal the matter to the Commissioner of Education. Supreme Court, finding the doctrine of primary jurisdiction applicable, granted the motion, prompting this appeal.

Even though a claim is cognizable in the judicial forum, if it involves a question within the jurisdiction of an administrative agency and its determination depends upon the specialized knowledge and experience of such agency, courts, under the doctrine of primary jurisdiction, will refrain from exercising jurisdiction (*see, Staatsburg Water Co. v Staatsburg Fire Dist.*, 72 NY2d 147, 156; *Haddad v Salzman*, 188 AD2d 515, 517; *Matter of Patti Ann H. v New York Med. Coll.*, 88 AD2d 296, 300-301, *affd* 58 NY2d 734). Here, it is apparent that the Commissioner of Education is uniquely suited to resolve this matter as he possesses the specialized knowledge and experience required to determine the factual issue of whether the duties of the subject teaching positions are similar. Therefore, we concur with Supreme Court's application of the doctrine of primary jurisdiction to this proceeding and, accordingly, affirm.

Mercure, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the judgement is affirmed, without costs.