■ In the Matter of LINDA DONATO, Appellant, v BOARD OF EDUCATION OF THE PLAINVIEW—OLD BETHPAGE CENTRAL SCHOOL DISTRICT et al., Respondents. [729 NYS2d 187] —In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondent Board of Education of the Plainview—Old Bethpage Central School District to appoint the petitioner to the position of District-Wide Social Studies Chairperson, K-12, the petitioner appeals from a judgment of the Supreme Court, Nassau County (DiNoto, J.), entered September 14, 2000, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In 1991 the petitioner's position as Social Studies Chairperson for grades 5 through 8 at the Mattlin Middle School was eliminated for budgetary reasons. She was advised that her name would be placed on a preferred eligible list for reappointment to a similar position in accordance with the Education Law (*see,* Education Law § 3013 [3] [a]). In 1997 a new position of District-Wide Social Studies Chairperson, K-12 was created. When the petitioner's request to be appointed to the position was denied on the ground, *inter alia,* that the position which had been abolished was not similar to the new position, she commenced this proceeding pursuant to CPLR article 78, *inter alia,* challenging that determination. The Supreme Court dismissed the proceeding based on the doctrine of primary jurisdiction, concluding that the Commissioner of Education should resolve the issue of whether the positions are similar.

Contrary to the petitioner's contention, the Supreme Court properly dismissed the proceeding. The doctrine of primary jurisdiction "applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body" (*United States v Western Pac. R. R. Co.,* 352 US 59, 64). The doctrine is intended to coordinate the relationship between courts and administrative agencies so that, among other things, the agency's views on factual and technical issues are made available where the matter before the court is within the agency's specialized field (*see, Capital Tel. Co. v Pattersonville Tel. Co.,* 56 NY2d 11, 22). Here, the Commissioner of Education has the specialized knowledge and expertise to resolve the factual issue of whether the petitioner's former position and the new position are similar within the meaning of Education Law § 3013 (3) (a) (*see, Matter of Hessney v Board of Educ.,* 228 AD2d 954).

The petitioner's remaining contentions are without merit.

We note that the petitioner moved for leave to reargue and, upon reargument, the Supreme Court adhered to its original determination. We have not reviewed that subsequent order pursuant to CPLR 5517 (b) because the petitioner did not include in the record on appeal the motion papers upon which the order was based (*see, Matter of Merendino v Herman,* 15 AD2d 818). S. Miller, J. P., H. Miller, Schmidt and Cozier, JJ., concur.