■ In the Matter of MARGARET J. DiTANNA, Appellant, v BOARD OF EDUCATION OF ELLICOTTVILLE CENTRAL SCHOOL DISTRICT et al., Respondents. [739 NYS2d 328] —Appeal from a judgment of Supreme Court, Erie County (Howe, J.), entered April 6, 2001, which granted respondents' motion to dismiss the CPLR article 78 petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner was employed in the position of Elementary Principal in the Ellicottville Central School District (District) and was granted tenure effective September 1992. By letter dated March 25, 1999, petitioner was informed that her position had been abolished. She was further informed that the District would be creating the position of K-12 Coordinator of Curriculum, and she was invited to apply for that position. The District posted the position of K-12 Coordinator of Curriculum in April 1999 and filled it on April 4, 2000. Petitioner then

commenced this CPLR article 78 proceeding contending that, because the newly created position was similar to the position that had been abolished, petitioner was entitled to be appointed to the position pursuant to Education Law § 2510 (3).

Supreme Court properly dismissed the petition based upon the doctrine of primary jurisdiction (*see, Matter of Donato v Board of Educ.*, 286 AD2d 388; *Matter of Hessney v Board of Educ.*, 228 AD2d 954, 955, *lv denied* 89 NY2d 801; *see also, Matter of Langston v Iroquois Cent. School Dist.*, 291 AD2d 845). "Here, the Commissioner of Education has the specialized knowledge and expertise to resolve the factual issue of whether the petitioner's former position and the new position are similar within the meaning of Education Law § [2510 (3) (a)]" (*Matter of Donato v Board of Educ., supra* at 388). Present—Pigott, Jr., P.J., Green, Hayes, Scudder and Gorski, JJ.