■ In the Matter of Elizabeth Markow-Brown, Appellant, v Board of Education, Port Jefferson Public Schools, et al., Respondents. [754 NYS2d 326] —In a proceeding pursuant to CPLR article 78, inter alia, to compel the respondent Board of Education, Port Jefferson Public Schools, to appoint the petitioner to the half-time positions of Social Worker and Civil Service Drug and Alcohol Counselor II, the petitioner appeals from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Dunn, J.), dated September 25, 2001, as denied the petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

In 1995 the petitioner's full-time position as Social Worker was eliminated. She was placed on the preferred eligible list of the Board of Education, Port Jefferson Public Schools, pursuant to Education Law § 3013 (3) (a), and was subsequently offered a job in 1998 as a half-time Social Worker. However, she declined the offer and the respondent William Polchinski was appointed to the position. In September 2000 Polchinski was also appointed to the half-time position of Civil Service Drug and Alcohol Counselor II.

Thereafter, the petitioner commenced this proceeding seeking, inter alia, appointment to the two half-time positions on the ground that both positions combined equal the full-time position she previously held. The Supreme Court dismissed the proceeding based on the doctrine of primary jurisdiction and referred the matter to the Commissioner of Education to determine whether the positions are similar.

Contrary to the petitioner's contention, the Supreme Court properly dismissed the proceeding. The doctrine of primary jurisdiction "applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body" (*United States v Western Pac. R.R. Co.,*

352 US 59, 64). The doctrine is intended to coordinate the relationship between courts and administrative agencies so that the agency's views on factual and technical issues are made available where the matter before the court is within the agency's specialized field (*see Capital Tel. Co. v Pattersonville Tel. Co.,* 56 NY2d 11, 22). Here, the Commissioner of Education has the specialized knowledge and expertise to resolve the factual issue of whether the petitioner's former full-time position and the two new half-time positions are equal within the meaning of Education Law § 3013 (3) (a) (*see Matter of Donato v Board of Educ. of Plainview—Old Bethpage Cent. School Dist.,* 286 AD2d 388; *Matter of Hessney v Board of Educ. of Pub. Schools of Tarrytowns,* 228 AD2d 954). Santucci, J.P., H. Miller, Schmidt and Townes, JJ., concur.