■ EPDI Associates, Appellant, v Stephen Conley, Respondent. [776 NYS2d 902]—

In an action, inter alia, pursuant to RPAPL article 15 to compel the determination of a claim to real property, the plaintiff appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated January 13, 2003, as granted the defendant's motion pursuant to CPLR 3211 (a) (7) and (8) to dismiss the complaint, and (2) from a judgment of the same court entered March 13, 2002, which, upon the order, dismissed the complaint.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further;

Ordered that the judgment is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the plaintiff's contention, the Supreme Court properly dismissed the complaint. In instances of concurrent jurisdiction, the doctrine of primary jurisdiction may preclude the exercise of a court's jurisdiction where enforcement of the claim requires resolution of issues which, under a regulatory scheme,

are placed within the special competence of an administrative body (*see Matter of Markow-Brown v Board of Educ., Port Jefferson Pub. Schools,* 301 AD2d 653 [2003]).

Here, the determination of whether an interim multiple dwelling is considered abandoned rests squarely within the purview of the New York City Loft Board (hereinafter the Loft Board) (*see* New York City Loft Board Regulations [29 RCNY] § 2-10 [f] [3]). An abandonment proceeding was pending before the Loft Board. Thus, the Supreme Court providently exercised its discretion in dismissing the action to compel determination of the plaintiff's claim to the interim multiple dwelling at issue, without prejudice to restoring the action following resolution of the administrative proceeding (*see generally Eli Haddad Corp. v Redmond Studio,* 102 AD2d 730 [1984]).

The plaintiff's remaining contentions are without merit. Smith, J.P., Krausman, Crane and Mastro, JJ., concur.