■ Adam Good, Respondent, v American Pioneer Title Insurance Company, Appellant. [783 NYS2d 841]—

In an action to recover damages for fraud, violation of General Business Law § 349 and unjust enrichment, the defendant appeals from an order of the Supreme Court, Nassau County (Warshawsky, J.), dated April 25, 2003, which denied its motion, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (2).

Ordered that the order is affirmed, with costs.

The Supreme Court correctly denied the motion, inter alia, to dismiss the complaint based on the doctrine of primary jurisdiction. Under that doctrine, a court may refrain from exercising jurisdiction over a matter where an administrative agency also has jurisdiction and a determination of the question involved depends upon the specialized knowledge and experience of the administrative agency (*see United States v Western Pac. R.R. Co.*, 352 US 59, 63-64 [1956]; *EPDI Assoc. v Conley*, 7 AD3d 755, 755-756 [2004]; *Matter of Markow-Brown v Board of Educ., Port Jefferson Pub. Schools*, 301 AD2d 653, 653-654 [2003]). Here, the complaint alleged, in relevant part, that the defendant charged a title insurance premium in excess of the applicable rate published by the Title Insurance Rate Service Association in its Rate Manual. The proper interpretation of the Rate Manual, and the defendant's alleged violation thereof, presented questions of law cognizable by the court (*see Kovarsky v Brooklyn Union Gas Co.*, 279 NY 304, 312 [1938]). Moreover, the Supreme Court correctly determined that the relevant provisions of the Rate Manual did not involve such intricate and technical matters as would warrant referral to the rate-making agency (*see United States v Western Pac. R.R. Co., supra* at 66). S. Miller, J.P., Schmidt, Mastro and Fisher, JJ., concur.