█ In the Matter of KRISTINE DEVENTE et al., Appellants, v BOARD OF EDUCATION, BROOME-TIOGA BOARD OF COOPERATIVE EDUCATIONAL SERVICES, et al., Respondents. [788 NYS2d 522]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Relihan, Jr., J.), entered May 18, 2004 in Broome County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.

Petitioner Kristine deVente was hired by respondent Broome-Tioga Board of Cooperative Educational Services (hereinafter BOCES) in March 1997 in the part-time position of Professional Development Specialist at the BOCES Center for Education Support and Technology (hereinafter center). Effective July 1,

---

1999, deVente's position became full time and she was appointed to a three-year probationary tenure track. In May 2002, she was approved as a permanent tenure appointment by BOCES. Petitioner Jocelyne Jesenof was hired as a full-time Professional Development Specialist at the center in September 1998 and was appointed to a three-year probationary tenure track. She was approved as permanent by BOCES in September 2001. In July 2003, petitioners received notice that BOCES approved the reduction of deVente's position from full time to half time and the abolishment of Jesenof's position. Jesenof was placed on a preferred eligibility list and subsequently recalled to a part-time position in August 2003. Notably, petitioners did not appeal the determinations to the Commissioner of Education (*see* Education Law § 310). According to petitioners, BOCES retained respondents Mary Jo Rankin and Jennifer Houseknecht (hereinafter collectively referred to as respondents), who had allegedly accrued less seniority in the elementary education tenure area than themselves.

In November 2003, petitioners commenced this proceeding seeking appointments to full-time positions in the elementary education tenure track. Petitioners also alleged that BOCES was obligated to terminate respondents rather than petitioners. Citing the doctrine of primary jurisdiction and noting that petitioners failed to file a timely notice of claim pursuant to Education Law § 3813 (1), Supreme Court denied petitioners' request for permission to file a late notice of claim pursuant to Education Law § 3813 (2-a) and dismissed the petition, prompting this appeal.

Initially, we agree with Supreme Court that the doctrine of primary jurisdiction applies under the circumstances herein. "Even though a claim is cognizable in the judicial forum, if it involves a question within the jurisdiction of an administrative agency and its determination depends upon the specialized knowledge and experience of such agency, courts, under the doctrine of primary jurisdiction, will refrain from exercising jurisdiction" (*Matter of Hessney v Board of Educ. of Pub. Schools of Tarrytowns*, 228 AD2d 954, 955 [1996], *lv denied* 89 NY2d 801 [1996] [citations omitted]). Here, the substance of petitioners' claim is that, upon the abolishment of the two full-time Professional Development Specialist positions, BOCES was mandated to terminate respondents' employment rather than their own since respondents reportedly possessed the "least seniority in the system within the tenure of the position [that was] abolished" (Education Law § 3013 [2]). However, while it is undisputed that petitioners have been employed by BOCES for

a longer period of time than respondents, there is some evidence in the record suggesting that petitioners have not accrued seniority in the elementary education tenure area since, unlike respondents, neither petitioner has allegedly "devote[d] a substantial portion of [her] time to classroom instruction in the common branch subjects at the kindergarten (including pre-kindergarten) level and/or in any of the first six grades" (8 NYCRR 30.5).* In any event, inasmuch as disputes involving the calculation of seniority fall within the purview of the Commissioner of Education, who possesses the requisite expertise to settle such matters (*see Matter of Donato v Board of Educ. of Plainview-Old Bethpage Cent. School Dist.*, 286 AD2d 388, 388 [2001]; *Matter of Hessney v Board of Educ. of Pub. Schools of Tarrytowns, supra* at 955), Supreme Court properly invoked the doctrine of primary jurisdiction in dismissing the petition.

In light of the above determination, it is unnecessary to reach petitioners' remaining arguments, including their claim that Supreme Court abused its discretion in denying their request to serve a late notice of claim.

Crew III, Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.

* A "substantial portion" of time is defined as "40 percent or more of the total time spent by a professional educator in the performance of [her] duties, exclusive of time spent in preparation, monitoring or in co-curricular activities" (8 NYCRR 30.1 [g]).