■ In the Matter of SHERYL-ANNE SASTOW, Respondent, v PLAINVIEW-OLD BETHPAGE CENTRAL SCHOOL DISTRICT, Appellant. [843 NYS2d 839]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Plainview-Old Bethpage Central School District dated October 26, 2005, which terminated bus service for the petitioner's infant daughter to her private educational institution as of November 11, 2005, the appeal is from an order and judgment (one paper) of the Supreme Court, Nassau County (Galasso, J.), entered April 3, 2006, which, after a hearing, granted the petition, annulled the determination, and denied those branches of the cross motion of Plainview-Old Bethpage Central School District which were to vacate a temporary restraining order contained in an order to show cause dated November 10, 2005, and to dismiss the petition pursuant to CPLR 3211 (a).

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, and those branches of the cross motion which were to vacate the temporary restraining order and to dismiss the petition are granted.

The doctrine of primary jurisdiction "applies where a claim is

originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views" (*Staatsburg Water Co. v Staatsburg Fire Dist.*, 72 NY2d 147, 156 [1988], quoting *United States v Western Pacific R. Co.*, 352 US 59, 64 [1956]; *see Matter of DiTanna v Board of Educ. of Ellicottville Cent. School Dist.*, 292 AD2d 772 [2002]).

After the Plainview-Old Bethpage Central School District notified the petitioner that it would be terminating bus service for her daughter, the petitioner failed to appeal that determination to the Commissioner of the New York State Department of Education (hereinafter the Commissioner) pursuant to Education Law § 301. Under the doctrine of primary jurisdiction, the Supreme Court should have refrained from entertaining the petitioner's application in this CPLR article 78 proceeding on its merits prior to such an administrative appeal (*see Matter of Langston v Iroquois Cent. School Dist.*, 291 AD2d 845 [2002]; *Matter of Donato v Board of Educ. of Plainview, Old Bethpage Cent. School Dist.*, 286 AD2d 388 [2001]; *Matter of Patti Ann H. v New York Med. Coll.*, 88 AD2d 296, 300-301 [1982], *affd* 58 NY2d 734 [1982]). Appeal to the Commissioner, though precluded as of right by the time limitation of 8 NYCRR 275.16, is still available within the discretion of the Commissioner (*see* 8 NYCRR 275.16).

In light of this determination, we need not address the parties' remaining contentions. Schmidt, J.P., Skelos, Lifson and Balkin, JJ., concur.