OPINION OF THE COURT
Phillip R. Rumsey, J.
In this CPLR article 78 proceeding, petitioner, a former employee of respondent school district, challenges respondent’s refusal to provide him with defense and indemnification in a civil action. In late May 2006, petitioner (then a guidance counselor and coach of the boys’ modified baseball team) was involved in an altercation with a parent of one of the players on the team. During a baseball game, the parent, Kim Alford, approached petitioner and began to talk to him in an allegedly threatening manner. Alford may have tapped petitioner or grabbed his shoulder. Some parents observing the game became concerned, and one parent apparently called the police. Alford eventually left and the game continued.
That evening, according to petitioner, a deputy sheriff visited him at his home and asked if he wished to make a statement about the incident, and press charges against Alford. Petitioner responded affirmatively, and Alford was charged with harassment in the second degree, a violation. Alford was ultimately acquitted of the charge, and thereafter brought a civil suit against petitioner for malicious prosecution. After being served, petitioner delivered a copy of the summons and complaint to respondent, and requested that respondent provide him with a defense and indemnification. That request was denied, prompting this proceeding.
As a preliminary matter respondent urges the court to invoke the doctrine of primary administrative jurisdiction, and refrain from acting in this matter until the Commissioner of Education has had an opportunity to rule on the issues. As petitioner notes, however, the issues before the court do not involve matters within the particular knowledge or expertise of the Commissioner. This proceeding does not involve factual or highly technical questions relating to pedagogical concerns or the provision of educational services but rather focuses on legal questions of statutory interpretation and foreseeability. The court finds no reason to defer to the Commissioner of Education on such matters (see Good v American Pioneer Tit. Ins. Co., 12 AD3d 401, *908 402 [2004]; Matter of Barone v Board of Coop. Educ. Servs. of Suffolk County, Third Supervisory Dist., 125 AD2d 305 [1986]).
Respondent also suggests that the proceeding must be dismissed because petitioner has not presented the court with a “certificate of good faith” (Education Law § 3811 [1] [c]). The relevant statute expressly provides that the issuance of such certificate by “the court or .. . the commissioner of education” (id. [emphasis added]) is a prerequisite to the district’s duty to pay for its employee’s defense or provide indemnification. The explicit reference to a certification by the court clearly contemplates a situation, such as that presented here, where an individual has sought a judicial determination of his or her rights under the statute. In that circumstance, it is reasonable for the issue of good faith to be determined in the same proceeding as any other issues that may be presented for judicial resolution. The court is not inclined to dismiss the proceeding because petitioner has not previously obtained a certification of good faith, when that issue may be considered along with the other matters to be resolved in this forum.
Turning to the merits, respondent’s denial was evidently based upon its determination that Alford’s lawsuit was prompted by petitioner’s filing of charges in court, which in its view did not “aris[e] out of the exercise of [petitioner’s] powers or the performance of his duties” as respondent’s employee (Education Law § 3811 [1]). Because petitioner registered his complaint against Alford at his own home, outside of school hours, and without being told to do so by his superiors (who, respondent contends, had elected not to pursue a court proceeding, but instead to handle the matter by banning Alford from school property and school events), respondent argues, the ensuing events did not arise out of petitioner’s employment duties. Respondent notes that petitioner was not actually carrying out his job duties of coaching and counseling students when he filed the charges, and that respondent could not have anticipated that he would pursue the matter judicially when it had already taken action to defuse the situation by banning Alford from school property. Moreover, respondent contends, petitioner’s act of filing charges did not advance respondent’s interests, given that respondent had already decided to ban Alford from the school.
Respondent attempts to distinguish the cases cited by petitioner, on the ground that they involve issues of an employer’s vicarious liability for its employee’s acts, pursuant to the doctrine of respondeat superior, and urges that a more *909 narrow interpretation is appropriate here. It has been noted, however, that the purpose of Education Law § 3811 was to expand the range of matters for which a teacher or other school district employee could obtain defense and indemnification, beyond those covered by the more specific provisions of Education Law §§ 3023 and 3028 (see Matter of Casey v Tieman, 110 AD2d 167, 171-172 [1985]). The latter statutes expressly mandate reimbursement only in matters of “alleged negligence or other act resulting in accidental bodily injury ... or [property damage]” (§ 3023) and those arising from “disciplinary action taken against any pupil” (§ 3028). Given the remedial nature of section 3811, the court finds that its salutary purposes are most appropriately served by the application of a standard at least as broad as that used when determining a municipality’s duty to defend and indemnify its employees under General Municipal Law § 50-j.[1]
In that realm, it has been held that an employee’s actions will be deemed to fall within the scope of his or her employment if the purpose in performing such actions is to further the employer’s interest, or to carry out the duties of the job. Thus, when conduct involves a wholly personal matter, or results from a personal motive, a refusal to defend or indemnify has been upheld (see Matter of Schenectady Police Benevolent Assn. v City of Schenectady, 299 AD2d 717, 719 [2002]).
Applying this standard to the undisputed facts, it cannot reasonably be said that the lawsuit brought by Alford did not “arise out of’ petitioner’s duties as a coach. The underlying interaction with Alford occurred at a baseball game, on school property, and involved the very subject of petitioner’s coaching duties. Petitioner’s decision to avoid further disruption of the game by declining to speak with the police officer at that time *910 also represented a decision he made in his capacity as coach. There is no basis upon which one might conclude that petitioner’s decisions to speak with the officer later, to give a statement, or to press charges, arose from “wholly personal” motives, unconnected to his coaching duties. The mere fact that petitioner may have been going against respondent’s wishes or even “breaking a rule” of his employment does not — in the absence of a showing of bad faith or an entirely personal motivation — remove his actions from the scope of his employment (cf. Stewartson v Gristede’s Supermarket, 271 AD2d 324, 325 [2000]). Indeed, petitioner has averred, without contradiction, that he decided to press charges to discourage Alford from disrupting practices and games in the future, an outcome that is directly related to petitioner’s duty as coach to provide a suitable atmosphere for students to engage in athletic pursuits. Respondent has not tendered any evidence that might tend to cast doubt on petitioner’s veracity in this regard, or suggest a different motive from that claimed.
Moreover, the action taken by petitioner could be expected to have several consequences, including prevention of future disruption by Alford, punishment, and deterrence of similar behavior by other parents. Having elected to ban Alford from school events and school property, apparently in furtherance of these same goals, respondent cannot now argue that petitioner’s actions were not undertaken by petitioner to serve its interests. There is no indication that petitioner harbored any personal ill will toward Alford, which had its genesis in events unrelated to his employment, or that petitioner was otherwise attempting to further an interest separate and distinct from those relating to his work duties as counselor and coach.
Accordingly, the record does not support respondent’s determination that Alford’s legal action against petitioner did not arise out of the performance of petitioner’s employment duties, and the challenged denial must therefore be annulled.[2]

. As one court noted, one of the cited reasons for enacting the broader protections of section 3811 was a perception that “in these days of student unrest, school administrators and teachers are exposed to all types of claims and actions against which they may have inadequate or no protection under the present [statutes]” (Matter of Casey v Tieman at 172, quoting Mem of Assemblyman Corbett, 1971 NY Legis Ann, at 179). The escalation of violence and unsportsmanlike behavior by parents at school sporting events in recent years, coupled with a coach’s responsibility to teach sportsmanship and maintain reasonable order at such events, likewise places these school employees at risk of becoming involved in legal proceedings arising out of the performance of their duties. It is hardly unforeseeable that a parent’s unruly behavior at a game or practice might culminate in the filing of criminal charges, or that the parent may thereafter take legal action against a school district employee who made an accusatory statement.

. In light of this determination, reached without consideration of the allegations set forth in the proposed amendment to the petition, it is unnecessary to consider petitioner’s motion for permission to serve and file an amended petition.