■ In the Matter of REGINA MORAITIS, Respondent-Appellant, v BOARD OF EDUCATION DEER PARK UNION FREE SCHOOL DISTRICT, Appellant-Respondent. [923 NYS2d 340]—

In a proceeding pursuant to CPLR article 78 to compel the petitioner's reinstatement as a full-time teacher in an accepted tenure area, the Board of Education of the Deer Park Union Free School District appeals from a judgment of the Supreme Court, Suffolk County (Rebolini, J.), entered February 5, 2010, which directed the petitioner's reclassification into an accepted tenure area without loss of tenure time, directed her reinstatement as a full-time teacher, and directed the reinstatement of her benefits nunc pro tunc from the date of dismissal, with damages in the nature of lost salary and insurance payments,

and the petitioner cross-appeals, as limited by her brief, from so much of the same judgment as failed to include a specified amount of damages, and failed to award interest and costs.

Ordered that the judgment is reversed insofar as appealed from, on the law, the petition is denied, and the proceeding is dismissed on the merits; and it is further,

Ordered that the cross appeal is dismissed as academic, in light of our determination on the appeal; and it is further,

Ordered that one bill of costs is awarded to the Board of Education of the Deer Park Union Free School District.

On April 29, 2003, the Board of Education of the Deer Park Union Free School District (hereinafter the Board of Education) voted to grant the petitioner tenure in the position of "computer teacher," effective August 31, 2003. On January 16, 2009, her position as "computer teacher" was abolished. On February 9, 2009, the petitioner commenced the instant proceeding to compel the Board of Education to "reclassify" her "into an accepted tenure area," yet to be determined, and to reinstate her as a full-time teacher in that tenure area, with back pay and benefits.

Under the facts of this case, a notice of claim pursuant to Education Law § 3813 (1) was not required (see Matter of Brunecz v City of Dunkirk Bd. of Educ., 23 AD3d 1126, 1127 [2005]; Matter of Mennella v Uniondale Union Free School Dist., 287 AD2d 636, 636-637 [2001]; Matter of Cowan v Board of Educ. of Brentwood Union Free School Dist., 99 AD2d 831, 833 [1984]; Matter of Piaggone v Board of Educ., Floral Park-Bellrose Union Free School Dist., 92 AD2d 106, 108 [1983]; Matter of Pulver v Board of Educ., Farmingdale Union Free School Dist., 80 AD2d 833 [1981]). However, as the Board of Education correctly asserted, the proceeding should have been dismissed on the ground that the Commissioner of Education had primary jurisdiction over the dispute (see Matter of Ferencik v Board of Educ. of Amityville Union Free School Dist., 69 AD3d 938 [2010]; Matter of deVente v Board of Educ., Broome-Tioga Bd. of Coop. Educ. Servs., 15 AD3d 716, 717 [2005]; Matter of Markow-Brown v Board of Educ., Port Jefferson Pub. Schools, 301 AD2d 653, 653-654 [2003]). It is within the unique knowledge and expertise of the Commissioner of Education to determine the factual issues of whether the petitioner has tenure in an accepted tenure area, and whether her former position, and any new position which she may seek, are similar in nature (see Matter of DiTanna v Board of Educ. of Ellicottville Cent. School Dist., 292 AD2d 772, 773 [2002]; Matter of Donato v Board of Educ. of Plainview, Old Bethpage Cent. School Dist., 286 AD2d 388 [2001]).

The parties' remaining contentions need not be addressed in light of our determination.

Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding on the merits. Rivera, J.P., Skelos, Florio and Austin, JJ., concur.