# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**820**

**CA 11-00325**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

IN THE MATTER OF THE APPLICATION OF
PETITIONER/CONDEMNOR NEW YORK STATE URBAN
DEVELOPMENT CORPORATION, DOING BUSINESS AS
EMPIRE STATE DEVELOPMENT CORPORATION,
PETITIONER-APPELLANT, TO ACQUIRE IN FEE
SIMPLE CERTAIN REAL PROPERTY CURRENTLY
OWNED BY FALLSITE, LLC, AND KNOWN AS:

                                          MEMORANDUM AND ORDER

232 SIXTH STREET, CITY OF NIAGARA FALLS
700 RAINBOW BLVD., CITY OF NIAGARA FALLS
231 SIXTH STREET, CITY OF NIAGARA FALLS
626 RAINBOW BLVD., CITY OF NIAGARA FALLS
701 FALLS STREET, CITY OF NIAGARA FALLS

SITUATED IN THE COUNTY OF NIAGARA, STATE OF
NEW YORK AND HAVING, RESPECTIVELY; THE FOLLOWING
TAX SECTIONS, BLOCKS, AND LOTS:

159.09-2-25.122
159.09-2-25.112
159.09-2-25.121
159.09-2-25.111
159.09-2-25.211

TOGETHER WITH ALL COMPENSABLE INTERESTS THEREIN
CURRENTLY OWNED BY FALLSITE, LLC, FALLSVILLE
SPLASH, LLC AND ANY OTHER CONDEMNEES WHO ARE
CURRENTLY UNKNOWN.

---

FALLSITE, LLC AND FALLSVILLE SPLASH, LLC,
RESPONDENTS-RESPONDENTS.

---

HARRIS BEACH PLLC, PITTSFORD (PHILIP G. SPELLANE OF COUNSEL), FOR
PETITIONER-APPELLANT.

JOHN P. BARTOLOMEI & ASSOCIATES, NIAGARA FALLS, D.J. & J.A. CIRANDO,
ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS.

---

     Appeal, by permission of the Appellate Division of the Supreme
Court in the Fourth Judicial Department, from an order of the Supreme
Court, Niagara County (Ralph A. Boniello, III, J.), entered January
10, 2011. The order directed the parties to appear at a conference to
discuss potential hearing dates.

It is hereby ORDERED that the order so appealed from is unanimously vacated on the law without costs and the matter is remitted to Supreme Court, Niagara County (Kloch, Sr., A.J.), for further proceedings in accordance with the following Memorandum:  In this condemnation proceeding, petitioner appeals from an order of Supreme Court (Boniello, III, J.) directing the parties to appear for a scheduling conference with respect to respondents' motion to vacate a stipulated vesting order signed by Justice Boniello in July 2006. Pursuant to the vesting order, respondents surrendered title to the condemned property in return for an advance payment of $17 million, while reserving their right to receive additional compensation under EDPL 304 (A) (3).  Respondents later sought additional compensation, and the matter proceeded to trial before a different justice, i.e., Acting Supreme Court Justice Kloch, Sr.  Following a 17-day trial, Justice Kloch ruled that the advance payment exceeded the property's value by $120,523.55.  Respondents thereafter moved before Justice Boniello to vacate the vesting order, alleging, inter alia, that they were fraudulently induced to stipulate to that order.  Petitioner contends on appeal that the motion should have been made to Justice Kloch, who presided over the lengthy valuation trial, rather than to Justice Boniello.  We agree.

Although a motion to vacate an order should generally be made to the justice who signed the order (*see* CPLR 2221 [a]), an exception exists where the Rules of the Chief Administrator of the Courts provide otherwise (*see* CPLR 2221 [b]).  Here, the Uniform Rules for the New York State Trial Courts (specifically the rule entitled "Individual assignment system [IAS]; structure)," as promulgated by the Chief Administrator of the Courts, provide that, once a judge is assigned to a case, that judge becomes the " 'assigned judge' with respect to that matter and, except as otherwise provided in [22 NYCRR 202.3] (c), . . . shall conduct all further proceedings therein" (22 NYCRR 202.3 [b]).  None of the exceptions set forth in subdivision (c) are applicable here.  The IAS rules further provide that "[a]ll motions shall be returnable before the assigned judge" (22 NYCRR 202.8 [a]).  By the adoption of the IAS, "the CPLR 2221 requirement of referral of motions to a Judge who granted an order on a prior motion has been modified to provide for consistency with the mandate of the [IAS] that all motions in a case shall be addressed to the assigned Judge" (*Ministry of Christ Church v Mallia*, 129 AD2d 922, 923, *lv dismissed* 70 NY2d 746; *see also Billings v Berkshire Mut. Ins. Co.*, 133 AD2d 919, 919-920, *lv dismissed* 70 NY2d 1002; *Dalrymple v Martin Luther King Community Health Ctr.*, 127 AD2d 69, 72-73).

We are unable to discern from the record before us why this case was referred to Justice Kloch rather than Justice Boniello when respondents sought additional compensation.  Having presided over the case without objection for several years, however, we are compelled to conclude that Justice Kloch became and remains the IAS judge.  Unlike Justice Boniello, whose involvement with the case was limited to having signed the stipulated vesting order in July 2006, Justice Kloch is intimately familiar with the underlying facts relevant to the vacatur motion (*see Dalrymple*, 127 AD2d at 72).  In fact, almost all of the issues raised in the vacatur motion were raised in a post-trial

motion brought before Justice Kloch, who had yet to render a decision thereon when respondents filed the instant motion before Justice Boniello.  Under the circumstances, we conclude that the order on appeal must be vacated, and we remit the matter to Justice Kloch as the IAS justice to determine respondents' motion.

Entered:  June 17, 2011                          Patricia L. Morgan
                                                 Clerk of the Court