SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

791
CA 11-02201
PRESENT: SCUDDER, P.J., SMITH, FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF CRAIG S. FEHLHABER,
PETITIONER-APPELLANT,

          V                  MEMORANDUM AND ORDER

BOARD OF EDUCATION OF UTICA CITY SCHOOL
DISTRICT, JAMES WILLIS, SUPERINTENDENT OF
SCHOOLS, MICHAEL FERRARO, RESPONDENTS-RESPONDENTS,
ET AL., RESPONDENTS.

---

O'HARA, O'CONNELL & CIOTOLI, FAYETTEVILLE (STEPHEN CIOTOLI OF
COUNSEL), FOR PETITIONER-APPELLANT.

THE LAW FIRM OF FRANK W. MILLER, EAST SYRACUSE (FRANK W. MILLER OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

    Appeal from a judgment (denominated order and judgment) of the
Supreme Court, Oneida County (Samuel D. Hester, J.), entered April 6,
2011 in a proceeding pursuant to CPLR article 78.  The judgment
dismissed the petition.

    It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

    Memorandum:  Respondent Board of Education of Utica City School
District (Board) employed petitioner as a tenured teacher until 1997,
then as "Clerk of the Works," and most recently as Superintendent of
Buildings and Grounds.  In 2010, the Board eliminated the position of
Superintendent of Buildings and Grounds.  Petitioner sought to "bump"
vertically into the position of Maintenance Foreman or, in the
alternative, to resume a teaching position.  When the Board denied
both requests, petitioner commenced this CPLR article 78 proceeding
seeking, among other things, to compel the Board to place him in one
of those positions.  He appeals from the judgment dismissing his
petition.

    With respect to the first basis for Supreme Court's dismissal of
the petition, i.e., that petitioner failed to file a timely notice of
claim, we agree with petitioner that no notice of claim was required.
Although Education Law § 3813 (1) mandates that a notice of claim be
filed when a claim is asserted against, inter alia, a board of
education, "the notice of claim requirement is inapplicable to cases
which seek to vindicate tenure rights which are legal rights
guaranteed by State law and in the public interest" (*Matter of Cowan v
Board of Educ. of Brentwood Union Free School Dist.*, 99 AD2d 831, 833;

*see Matter of Moraitis v Board of Educ. Deer Park Union Free School Dist.*, 84 AD3d 1090, 1091; *Matter of Piaggone v Board of Educ.*, *Floral Park-Bellrose Union Free School Dist.*, 92 AD2d 106, 108-109).

Nevertheless, we conclude that the court properly dismissed the petition on the merits. Petitioner contends that he is entitled to a vertical "bump" into the position of Maintenance Foreman pursuant to Civil Service Law § 80 (6). The record establishes, however, that the Utica Municipal Civil Service Commission (Commission) consulted with the New York State Civil Service Commission on that issue and confirmed that, "[i]n order for the rights of 'bumping' to exist, the Petitioner would have to demonstrate a legal entitlement to that 'bumping' right. Our commission has determined that no such 'bumping right' exists for the Petitioner." Furthermore, in a case concerning an employee's bumping rights under the Civil Service Law, the Court of Appeals has reiterated that "judicial review of [the Commission's] classification system and determinations are limited to whether there was a rational basis for the agency's conclusion . . . Unless the [Commission's] determinations were arbitrary or capricious, a court should not undermine its actions" (*Matter of Hughes v Doherty*, 5 NY3d 100, 105; *see Matter of Dillon v Nassau County Civ. Serv. Commn.*, 43 NY2d 574, 580). Here, petitioner failed to establish that the Commission's determination was arbitrary or capricious, or that there was no rational basis for its determination.

With respect to petitioner's alternative contention, that he is merely on a leave of absence from his tenured teaching position, we agree with the court that he voluntarily abandoned his teaching position and thereby relinquished his tenure rights, at the latest, upon leaving the position for which the leave of absence was approved. It is well settled that " '[t]he burden of proving abandonment is upon the [Board] and must be established by clear and convincing evidence that the petitioner, by a voluntary and deliberate act, intended to relinquish [his or] her teaching position and forfeit [his or] her tenure rights' " (*Ciccarelli v Board of Educ. of W. Seneca Cent. School Dist.*, 107 AD2d 1050, 1050). Here, the Board granted petitioner a leave of absence in 1997 "[t]o assume duties as Clerk of the Works." Petitioner left the Clerk of the Works position in 2002, when he received a permanent appointment to the position of Superintendent of Buildings and Grounds, and he failed to seek reinstatement as a teacher or an extension of his leave of absence (*see Matter of West v Board of Trustees of Eggertsville Common School Dist.*, 89 AD2d 796, 796; *Matter of Thomas v Board of Educ. of Oceanside Union Free School Dist., Town of Hempstead*, 58 AD2d 584, 585; *cf. Matter of Diggins v Honeoye Falls-Lima Cent. School Dist.*, 50 AD3d 1473, 1473-1474).

Entered:  June 15, 2012                    Frances E. Cafarell
                                           Clerk of the Court