In a proceeding pursuant to CPLR article 78, inter alia, to review a resolution of the Board of Education of the City of Mount Vernon School District, dated June 24, 2009, which established a preferred eligibility list, and thereupon to compel the Board of Education of the City of Mount Vernon School District to restore to the petitioner her reinstatement rights pursuant to a preferred eligibility list dated September 24, 2008, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Loehr, J.), entered December 19, 2011, which denied the petition and dismissed the proceeding.
Ordered that the judgment is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.
The petitioner was granted tenure as a Business Education teacher by the Board of Education of the City of Mount Vernon School District (hereinafter the Board), effective September 1, 1994. On September 24, 2008, upon the abolition of the petitioner’s teaching position, the Board adopted a resolution establishing a preferred eligibility list, pursuant to Education Law § 2510 (3), on which the petitioner was named as the most senior teacher for rehiring purposes. However, the Board later concluded that the petitioner’s service as an Adult Education teacher from 1993 to 2007 should not have been considered in determining the petitioner’s seniority for rehiring purposes. Therefore, on June 24, 2009, it adopted a resolution establishing a new preferred eligibility list, which named two other teachers as having moré seniority than the petitioner. One of those teachers was later rehired. The petitioner commenced this CPLR article 78 proceeding, seeking to review the resolution dated June 24, 2009, thereupon to compel the Board to restore her reinstatement rights pursuant to the preferred eligibility list dated September 24, 2008, and to appoint her to the open position to which the other teacher was appointed.
The respondents moved to dismiss the petition based upon the doctrine of primary jurisdiction (see generally Flacke v Onondaga Landfill Sys., 69 NY2d 355, 362 [1987]). That motion was granted to the extent that the Supreme Court stayed the proceeding and referred the matter to the Commissioner of Education (hereinafter the Commissioner). The Commissioner thereafter decided an administrative appeal challenging the *737 Board’s several determinations and agreed with the Board, dismissing the administrative appeal on the merits. The Supreme Court thereafter denied the petition and dismissed this proceeding.
Under the particular circumstances of this case, the Supreme Court either should have dismissed the petition upon the respondents’ motion, pursuant to the doctrine of primary jurisdiction (see e.g. Matter of Moraitis v Board of Educ. Deer Park Union Free School Dist., 84 AD3d 1090, 1091 [2011]; Matter of Ferencik v Board of Educ. of Amityville Union Free School Dist., 69 AD3d 938 [2010]), or, upon the Commissioner’s determination of the administrative appeal, should have permitted the petitioner to amend her petition so as to seek review of the Commissioner’s determination and to join the Commissioner as a party. Since the Supreme Court elected to await the Commissioner’s determination rather than dismiss the petition, we remit the matter to the Supreme Court, Westchester County, to permit the petitioner to amend her petition and join the Commissioner as a party and, thereafter, for a determination of the amended petition. Skelos, J.E, Cohen, Miller and Hinds-Radix, JJ., concur.