# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

285

CA 13-01564

PRESENT: SMITH, J.P., FAHEY, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF ARBITRATION BETWEEN ALDEN
CENTRAL SCHOOL DISTRICT, PETITIONER-APPELLANT,

                 AND                         MEMORANDUM AND ORDER

ALDEN CENTRAL SCHOOLS ADMINISTRATORS'
ASSOCIATION, RESPONDENT-RESPONDENT.

---

HODGSON RUSS LLP, BUFFALO (JEFFREY F. SWIATEK OF COUNSEL), FOR
PETITIONER-APPELLANT.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOSEPH L. GUZA OF COUNSEL),
FOR RESPONDENT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered February 1, 2013. The order, insofar as appealed from, denied the petition for a stay of arbitration and granted that part of the cross petition seeking to compel arbitration.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the petition is granted and the cross petition is denied in its entirety.

Memorandum: Petitioner commenced this proceeding seeking a stay of arbitration pursuant to CPLR 7503, and respondent cross-petitioned to compel arbitration of its grievance and for other relief. Supreme Court denied the petition and granted that part of the cross petition seeking to compel arbitration. We reverse the order insofar as appealed from. The grievance in this case was filed by respondent on behalf of a member whose position as principal of an elementary school was abolished. The member was placed on the Preferred Eligibility List and then hired, at a lower salary, as an assistant principal of a middle school. Respondent filed a grievance on behalf of its member, contending that her new position is sufficiently "similar" within the meaning of Education Law § 2510 (3) (a) such that she is entitled to the same level of pay. After petitioner denied the grievance, respondent demanded arbitration under the parties' collective bargaining agreement (CBA). Petitioner then commenced this proceeding.

It is well settled that, in deciding an application to stay or compel arbitration under CPLR 7503, the court is concerned only with the threshold determination of arbitrability, and not with the merits of the underlying claim (*see* CPLR 7501; *Matter of Board of Educ. of*

*Watertown City Sch. Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 142-143).  In making the threshold determination of arbitrability, the court applies a two-part test.  It first determines whether "there is any statutory, constitutional or public policy prohibition against arbitration of the grievance" (*Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d 273, 278).  "If no prohibition exists,[the court then determines] whether the parties in fact agreed to arbitrate the particular dispute by examining their collective bargaining agreement" (*Matter of County of Chautauqua v Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO, County of Chautauqua Unit 6300, Chautauqua County Local 807*, 8 NY3d 513, 519; *see Matter of Mariano v Town of Orchard Park*, 92 AD3d 1232, 1233).

Here, we agree with petitioner that the Commissioner of Education has primary jurisdiction over the parties' dispute, and that arbitration is therefore prohibited by public policy.  As we have previously noted, " 'the Commissioner of Education has the specialized knowledge and expertise to resolve the factual issue of whether the . . . former position and the new position are similar within the meaning of Education Law § [2510 (3) (a)]' " (*Matter of DiTanna v Board of Educ. of Ellicottville Cent. Sch. Dist.*, 292 AD2d 772, 773, *lv denied* 98 NY2d 605; *see Matter of Donato v Board of Educ. of Plainview, Old Bethpage Cent. Sch. Dist.*, 286 AD2d 388, 388).  Based on his or her specialized knowledge and expertise, the Commissioner of Education should "resolve, in the first instance," the issue of fact whether two positions are sufficiently similar under Education Law § 2510 (*Matter of Ferencik v Board of Educ. of Amityville Union Free Sch. Dist.*, 69 AD3d 938, 938; *see Matter of Moraitis v Board of Educ. Deer Park Union Free Sch. Dist.*, 84 AD3d 1090, 1091; *Matter of Hessney v Board of Educ. of Pub. Schs. of Tarrytowns*, 228 AD2d 954, 955, *lv denied* 89 NY2d 801).  Respondent's reliance on *Matter of Board of Educ. v Portville Faculty Assn*. (96 AD2d 739) is misplaced, inasmuch as the dispute in that case involved an employee's right to tenure, and not whether two positions are similar in nature and duties.

In light of our determination, we need not address petitioner's additional contention that there is no reasonable relationship between respondent's grievance and the parties' CBA.

Entered:  March 28, 2014                         Frances E. Cafarell
                                                 Clerk of the Court