■ In the Matter of TINA SCHWARTZ, Appellant, v EAST RAMAPO CENTRAL SCHOOL DISTRICT et al., Respondents. [7 NYS3d 296]—

In a proceeding pursuant to CPLR article 78 to compel the respondents East Ramapo Central School District and Arthur B. Fisher, in his capacity as Assistant Superintendent of Personnel/Secondary Education for the East Ramapo Central School District, to add two years to her seniority calculation, the petitioner appeals from an order of the Supreme Court, Rockland County (Loehr, J.), dated February 18, 2014, which granted the motion of the respondents East Ramapo Central School District and Arthur B. Fisher, in his capacity as Assistant Superintendent of Personnel/Secondary Education for the East Ramapo Central School District, to dismiss the petition pursuant to the doctrine of primary jurisdiction to the extent of staying the proceeding so that the parties could bring the issue before the New York State Commissioner of Education.

Ordered that on the Court's own motion, the notice of appeal

from the order is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents East Ramapo Central School District and Arthur B. Fisher, in his capacity as Assistant Superintendent of Personnel/Secondary Education for the East Ramapo Central School District.

The petitioner, a teacher, commenced this proceeding pursuant to CPLR article 78 to compel the respondents East Ramapo Central School District and Arthur B. Fisher, in his capacity as Assistant Superintendent of Personnel/Secondary Education for the East Ramapo Central School District (hereinafter together the municipal respondents) to add two years to her seniority calculation. The municipal respondents moved to dismiss the petition based upon the doctrine of primary jurisdiction. The Supreme Court granted the motion to the extent of staying the proceeding so that the parties could bring the matter before the New York State Commissioner of Education (hereinafter the Commissioner).

"The doctrine of primary jurisdiction provides that where the courts and an administrative agency have concurrent jurisdiction over a dispute involving issues beyond the conventional experience of judges . . . the court will stay its hand until the agency has applied its expertise to the salient questions" (*Flacke v Onondaga Landfill Sys.*, 69 NY2d 355, 362 [1987] [internal quotation marks omitted]). The doctrine applies " 'where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views' " (*Staatsburg Water Co. v Staatsburg Fire Dist.*, 72 NY2d 147, 156 [1988], quoting *United States v Western Pacific R. Co.*, 352 US 59, 64 [1956]).

Here, the issues raised in the petition relate to the appropriate calculation of the petitioner's seniority and, thus, fall within the special knowledge and expertise of the Commissioner (*see Matter of Marsico v Armstrong*, 111 AD3d 736 [2013]; *Matter of deVente v Board of Educ., Broome-Tioga Bd. of Coop. Educ. Servs.*, 15 AD3d 716, 717 [2005]).

The petitioner's remaining contention is without merit.

Accordingly, the Supreme Court properly granted the munic-

ipal respondents' motion to the extent of staying the proceeding so that the parties could bring the issue before the Commissioner (*see Matter of Verdon v Dutchess County Bd. of Coop. Educ. Servs.*, 47 AD3d 941, 943 [2008]; *Matter of deVente v Board of Educ., Broome-Tioga Bd. of Coop. Educ. Servs.*, 15 AD3d at 717; *cf. Matter of Marsico v Armstrong*, 111 AD3d at 737). Leventhal, J.P., Hall, Austin and Maltese, JJ., concur.