# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**107**
**CA 16-00874**
PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF ELIZABETH G. QUATTRONE,
PETITIONER-PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

ERIE 2-CHAUTAUQUA-CATTARAUGUS BOARD OF
COOPERATIVE EDUCATIONAL SERVICES,
RESPONDENT-DEFENDANT-RESPONDENT.

---

JASON L. SCHMIDT, FREDONIA, FOR PETITIONER-PLAINTIFF-APPELLANT.

HODGSON RUSS LLP, BUFFALO (JOSEPH S. BROWN OF COUNSEL), FOR
RESPONDENT-DEFENDANT-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court, Chautauqua County (Paul B. Wojtaszek, J.), entered September 11, 2015. The judgment, inter alia, granted the motion of respondent-defendant for leave to reargue and, upon reargument, granted the motion of respondent-defendant for summary judgment and dismissed the petition-complaint.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: In 2003, petitioner-plaintiff (petitioner) was notified by respondent-defendant (respondent) that her tenured position as a teacher of gifted and talented elementary school students had been abolished, and petitioner's name thereafter was placed on a preferred eligible list for reappointment to a similar position in accordance with Education Law § 3013 (3) (a). In 2007, petitioner learned that respondent had created a position as a teacher in a universal prekindergarten (UPK) program in one of respondent's component school districts. Despite declining respondent's offers of that position in December 2007 and June 2008, petitioner subsequently brought this hybrid plenary action and CPLR article 78 proceeding. In her petition-complaint (petition), petitioner alleges, on various theories, that respondent violated her recall rights under the Education Law and seeks reappointment to the UPK teacher position, with back pay and benefits and restored pension credit, retroactive to 2005, when respondent allegedly established that position. Upon granting respondent's motion for leave to reargue, Supreme Court dismissed the petition in its entirety based on the doctrine of primary jurisdiction, concluding that the issue of whether the former and new positions are similar is for the Commissioner of Education to

resolve.

Contrary to petitioner's contention, the court, in the person of the newly assigned Individual Assignment System (IAS) Judge, properly entertained and granted respondent's motion for leave to reargue (*see* CPLR 2221 [d]), and the court did not thereby violate the doctrine of the law of the case. Justice Wojtaszek had been assigned by administrative order to replace Justice Chimes for this and all other Chautauqua County cases. As a general rule, any motion affecting a prior order, including a motion for leave to reargue a prior motion, must be made "to the judge who signed" the prior order, "unless he or she is for any reason unable to hear it" (CPLR 2221 [a]; *see* CPLR 2217 [a]). However, an exception to that statutory mandate "exists where the Rules of the Chief Administrator of the Courts provide otherwise (*see* CPLR 2221 [b])" (*Matter of New York State Urban Dev. Corp. [Fallsite, LLC]*, 85 AD3d 1723, 1724, *lv dismissed* 18 NY3d 870), including those rules establishing and implementing the IAS system. The IAS rules provide that "[a]ll motions," including those governed by CPLR 2221, "shall be returnable before the assigned judge" (22 NYCRR 202.8 [a]). Thus, "[b]y the adoption of the IAS, 'the CPLR 2221 requirement of referral of motions to a Judge who granted an order on a prior motion has been modified to provide for consistency with the mandate of the [IAS] that all motions in a case shall be addressed to the assigned Judge' " (*New York State Urban Dev. Corp.*, 85 AD3d at 1724). Thus, the motion was properly before Justice Wojtaszek as the assigned Judge.

We further conclude that the court, after granting leave to reargue (*see* CPLR 2221 [d]), properly dismissed the petition based upon the doctrine of primary jurisdiction (*see Matter of DiTanna v Board of Educ. of Ellicottville Cent. Sch. Dist.*, 292 AD2d 772, 773; *see also Matter of Ferencik v Board of Educ. of Amityville Union Free Sch. Dist.*, 69 AD3d 938, 938; *Matter of Donato v Board of Educ. of Plainview, Old Bethpage Cent. Sch. Dist.*, 286 AD2d 388, 388). "Here, the Commissioner of Education has the specialized knowledge and expertise to resolve the factual issue of whether the [petitioner's] former position and the new [UPK teacher] position are similar within the meaning of Education Law § 3013 (3) (a)" (*Donato*, 286 AD2d at 388; *see DiTanna*, 292 AD2d at 773; *see also Ferencik*, 69 AD3d at 938), and the proceeding/action was properly dismissed for petitioner's failure to appeal the matter to the Commissioner of Education (*see Matter of Hessney v Board of Educ. of Pub. Schs. of Tarrytowns*, 228 AD2d 954, 954-955, *lv denied* 89 NY2d 801).

Entered: March 24, 2017

Frances E. Cafarell
Clerk of the Court